**Todd D. BRAMMER, Appellant,**

v.

**MARTINAIRE, INC., Appellee.**

**No. 07–92–0144–CV.**

Court of Appeals of Texas,
Amarillo.

Sept. 9, 1992.

Crews, Thorpe & Hatcher, Steven B. Thorpe, Carla S. Hatcher, Dallas, for appellant.

True, Rohde & Sewell, Kathryn R. Wray, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Todd D. Brammer brings this appeal from a take-nothing summary judgment in favor of appellee Martinaire, Inc. The question for our decision is whether two different dates may be used to satisfy time requirements in two different sections of the Texas Commission on Human Rights Act (Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987)[1] [hereinafter Act].

In one point, appellant contends the trial court erred in granting its judgment because the evidence does not show appellee was entitled to judgment as a matter of law. For reasons hereinafter expressed, we disagree with that contention and affirm the judgment of the trial court.

Appellant was employed by appellee as an aviation mechanic in April of 1987. On June 2, 1987, in the course of his employment, appellant fell from a truck and fractured his arm. During treatment of the injury, appellant was diagnosed as having bone cancer, and was eventually discharged by appellee on May 20, 1988. Appellant and appellee allegedly discussed the possibility of re-employment at a meeting on January 12, 1989. Although the facts are disputed as to the events that transpired at the meeting, the contents of the discussions are not germane to the issue raised on appeal. It is appellant's position that he was the victim of intentional discrimination in that he was discharged because of his handicapped condition.

The date of the discriminatory act alleged by appellant was January 12, 1989, the date of the above meeting. Section 6.01(a) of the Act requires a verified complaint be filed with the Commission on Human Rights [hereinafter the Commission] within 180 days of the alleged discrimination. In relevant part, § 7.01 of the Act provides if the complaint is dismissed by the Commission, or is not resolved within 180 days from its filing, the Commission shall inform the complainant in writing by certified mail. A complainant who has been so notified has the right to request, in writing, a written notice of his right to file a civil action. Within 60 days after the date of the receipt of that notice, the complainant may file a civil action. However, the section provides, in no event may any action be brought more than one year after the date of the filing of the complaint to which the action relates.

In this case, appellant filed an unverified questionnaire with the Commission on April 24, 1989. Subsequently, on September 1, 1989, he filed a verified complaint with the Commission. On April 24, 1990, the Commission issued its "Notice of Right to Sue" letter, and this suit was filed on June 21, 1990.

Relevant to the question before us, in its motion for summary judgment, appellee al-

---

**1.** Future references to section numbers are to those sections of the Act.

leged two alternative grounds upon which it was entitled to judgment. The first of those was that the April 24, 1989, questionnaire filed by appellant was not verified as required by § 6.01(a) and the verified complaint filed on September 1, 1989, was not filed within the 180–day period mandated by that section. Thus, there was a failure to meet a condition precedent to trial court jurisdiction. The second ground alleged was that this lawsuit was not filed within the one-year limitation period provided in § 7.01. The trial court agreed with the second ground and granted its summary judgment on the basis that this suit was not filed within one year from the filing of the questionnaire (April 24, 1989), and thus was barred by the one-year limitation period.

The rules to be followed by an appellate court in reviewing a summary judgment are now axiomatic. In *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985), that Court stated those standards as:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

The Act contains both administrative and judicial means of redress for alleged unlawful employment practices. In the seminal case of *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483 (Tex.1991), the Court had occasion to explore the Act in detail. The Court noted that the provisions of the Act are "mandatory and exclusive and must be followed or the action is not maintainable because of a lack of jurisdiction." *Id.* at 488. It also explicated that the Act does not provide an unconditional private right of action and the exhaustion of administrative remedies is a mandatory pre-

requisite to the filing of a suit by an individual.

▪ Two of the prerequisites required in § 7.01 before the filing of a private suit are determined by a previously filed complaint with the Commission. First, the time for bringing a civil action is based on the date the complaint is filed. Section 7.01(a). Second, the parties against whom suit may be brought are determined by those named in the complaint filed with the Commission. By having the period of limitations for bringing suit, and the determination of the parties against whom suit might be brought controlled by the administrative procedure of filing a complaint, clearly the legislative intent was to require parties to satisfy the dictate of § 6.01(a) as a jurisdictional prerequisite to pursuing the private judicial remedy allowed in § 7.01(a).

▪ The exciting event which triggers both the administrative and legal remedies provided by the Act is the filing of a proper complaint with the Commission. Section 6.01(a) requires that such a complaint must be both verified and filed within 180 days of the alleged unlawful employment practice. A matter of first consideration by any court is the determination of its jurisdiction. *Barnes v. Bituminous Casualty Corporation,* 495 S.W.2d 5, 9 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). Since the requirement of a proper complaint is jurisdictional, we must determine whether such a complaint exists here, even though the trial court relied upon the limitation ground in granting its judgment.

Parenthetically, the practice of the Commission is to require an aggrieved party to complete a questionnaire concerning his charge and submit it to them. The Commission thereafter prepares a formal charge and sends this to the complainant to be reviewed and signed under oath.

Appellant's position is that the filing of the unverified questionnaire within 180 days of the alleged violation satisfies the statute because the verification and filing of the later complaint relates back and corrects any defects in the questionnaire. That position is well taken.

■ We note § 327.1(g) of the Texas Administrative Code allows complaints filed with the Commission to be "amended to cure technical defects or omissions, including failure to verify the complaint...." It also provides that amendments made to complaints relate back to the date the original complaint was filed with the Commission. Tex. Employment Comm'n, 40 Tex.Admin.Code § 327.1(g) (West Supp. Oct. 1, 1991) (Filing a Complaint). Thus, the verified complaint filed on September 1, 1989 relates back to, and satisfies any deficiencies, in the unverified April 24, 1989 questionnaire. Therefore, the 180–day jurisdictional requirement of § 6.01(a) is satisfied.

Having made that decision, we must decide if the trial court correctly concluded the one-year period within which appellant might file a civil suit began to run on April 24, 1989. If so, since this suit was filed on June 21, 1990, it would have been untimely filed.

■ It is appellant's contention that September 1, 1989, the date of the filing of the verified complaint, is the date from which the one-year limitation is determined. In support of that proposition, appellant argues that, although he completed his unverified questionnaire on April 20, 1989, he did not file his verified complaint until the September date. Since the statute requires that any complaint must be under oath, and since such a complaint was not filed until September 1, 1989, that is the date from which the period of limitations in § 7.01(a) should begin. To arrive at this conclusion, appellant would have this court apply the portion of § 6.01(a) that requires a verified complaint to be filed and have us ignore the requirement of filing the complaint within 180 days of the discrimination date, which is the requirement that appellant did not satisfy without the relation back doctrine in 40 Tex.Admin.Code § 327.1(g). Such an application of the statute is inconsistent with the well-established rule of statutory interpretation that "every word, sentence, clause and phrase of a statute has been used for a purpose and should be given effect." *University of Texas at*

*Austin v. Joki,* 735 S.W.2d 505, 509 (Tex. App.—Austin 1987, writ denied); *Ex parte Pruitt,* 551 S.W.2d 706, 709 (Tex.1977); *Perkins v. State,* 367 S.W.2d 140, 146 (Tex. 1963). It is presumed that an entire statute is to be effective, and that a just and reasonable result is intended. *Linick v. Employers Mut. Cas. Co.,* 822 S.W.2d 297, 301 (Tex.App.—San Antonio 1991, no writ); Tex.Gov't Code Ann. § 311.021 (Vernon 1988). To give effect to each clause in § 6.01(a) would require a party to file a verified complaint within 180 days of the discrimination. Application of the relation back provision requires us to conclude that both requirements of § 6.01(a) were satisfied in this case on April 24, 1989, and that must be the beginning date from which the limitation period is determined.

■ In support of his contention that September 1, 1989, is the beginning date of the limitation period, appellant presents two arguments. First, as we understand his argument, he reasons that since the trial court based its judgment upon the limitation issue, the question of compliance with the 180–day requirement in § 6.01(a) is not before the court. This follows, he claims, because the trial court rejected appellee's challenge to compliance with the 180–day requirement and expressly based its decision upon the limitation question. Thus, he concludes, we may only consider the validity of the court's decision on that question and we cannot consider the relation back question and must assume the September 1, 1989, filing of the verified complaint as the beginning date of the limitation period. We disagree. For the reasons expressed above, determination of whether a proper complaint was timely filed is a jurisdictional question which must be addressed. If the latter date be considered as the time a proper complaint was filed, the 180–day requirement was not complied with and the trial court had no jurisdiction to consider appellant's suit.

Second, appellant argues that the sending of the notice of right to sue by the Commission operates to extend the one-year period of limitations. That notice was sent to appellant on April 24, 1990. Noting

848

that date, appellant reasons because § 7.01(a) allows a party to bring suit 60 days after the receipt of the notice, that provision would toll the statute to that extent. Thus, since his suit was filed on June 21, 1990, within that 60–day period, it was within the permissive time.

 However, in *Green v. Aluminum Co. of America*, 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ), the court held that the failure by the Commission to send a notice of right to sue did not extend the mandatory one-year statute of limitations in § 7.01(a). In that case, the Court reasoned "[n]othing in the Act purports to grant an extension of time to file suit when the Commission fails to send notice." *Id.* The statute expressly states that a civil suit may "[i]n no event" be brought more than one year after the complaint is filed. Section 7.01. If the complete failure to send notice of the right to sue does not extend the one-year limitation period, then logically, it is not extended by the sending of such a notice.

As we have discussed above, appellant seeks to avoid the § 6.01(a) requirement of filing a complaint within 180 days, and focus solely on the one-year period of limitations of § 7.01(a). Such a position is inconsistent with the Supreme Court interpretation of the Act. Reiterated, the Court had explicated that compliance with the statutory provisions of the Act, and the exhaustion of the administrative remedies provided in the Act, are mandatory prerequisites to the filing of a civil action by a complainant. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d at 488; *see also Linick v. Employers Mut. Cas. Co.*, 822 S.W.2d at 301.

 Appellant also suggests that the Act should be liberally interpreted and that such an interpretation would give effect to his arguments. However, § 1.03 of the Act directs that it be construed in accordance with the fair import of its terms. The language of the Act clearly shows that requirements of §§ 6.01 and 7.01 are connected. It would make little sense to allow two different dates to satisfy the time requirements of the two sections. Statutes are to be read and applied in their entirety. *See University of Texas at Austin v. Joki*, 735 S.W.2d at 509. To accept appellant's argument would be to allow a party to ignore some provisions of a statute that he has failed to satisfy, and yet allow the party to use other terms of the statute that operate to the party's benefit. Even a liberal interpretation would not allow that result.

Because appellant's suit was filed almost two months after the period of limitations had run, it is barred under the one-year provision of § 7.01(a). Accordingly, appellant's point is overruled and the judgment of the trial court affirmed.