Opinion issued November 7, 2002







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01041-CV




DZUNG HUU VU, Appellant

V.

EXXON MOBIL CORPORATION, EXXON MOBIL CHEMICALS AMERICA,
and H.R. BREEDLOVE, Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 99-62312




O P I N I O N
          In this wrongful termination case, Dzung Huu Vu appeals the trial court’s
granting of summary judgment in favor of Exxon Mobil Corporation, Exxon Mobil
Chemicals America, and H.R. Breedlove (collectively referred to as ExxonMobil). 
In two points of error, Vu argues that (1) the trial court erred in granting
ExxonMobil’s motion for summary judgment because the statute of limitations had
not run and (2) his original petition was sufficient to give fair and adequate notice of
a discrimination claim to ExxonMobil. We affirm.
Facts
          In March 1997, Vu filed a Discrimination Complaint with ExxonMobil’s
Human Resources Department claiming that his supervisors and fellow employees
were discriminating against him. Vu was terminated from his position on September
19, 1997, and, on October 30, 1997, Vu filed an unverified “Charge of
Discrimination” with the Equal Employment Opportunity Commission (EEOC) and
the Texas Commission on Human Rights (TCHR).


 On March 12, 1998, Vu filed a
verified “Charge of Discrimination” with the EEOC, and, on March 18, 1998, TCHR
and ExxonMobil were notified of Vu’s claim. On May 18, 1998, ExxonMobil
responded to Vu’s claim by sending a statement of position to the EEOC. On
September 20, 1999, Vu was sent a “Dismissal and Notice of Rights” from the EEOC. 
          Vu filed his original petition on December 20, 1999, alleging breach of
contract. Almost one year later, Vu amended his petition and added a discrimination
claim. ExxonMobil filed a traditional motion for summary judgment which, among
other things, asserted the affirmative defense of limitations. The trial court granted
ExxonMobil’s motion for summary judgment and specifically found:
1. The trigger date for the running of [Vu’s] 2-year statute of limitations
pursuant to Tex. Labor Code Ann. § 21.256 (Vernon 1996)


 is found to
be the date that [Vu] first filed written paperwork with the Commission,
October 30, 1997. Plaintiff’s Original Petition was filed on December
20, 1999; and 
 
2. The Court further finds that Plaintiff’s Original Petition is
insufficient to give the Defendant fair and adequate notice of a claim for
race and/or national origin discrimination. Violations of Title VII
and/or violations of the Texas Commission on Human Rights Act were
not properly pled until the filing of [Vu’s] First Amended Petition on
November 7, 2000.

Vu appeals these findings. 
Summary Judgment
Standard of Review
          A traditional summary judgment brought pursuant to Texas Rule of Civil
Procedure 166a(c) is proper only when the movant establishes that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex. 1995). In reviewing a summary judgment, we must indulge every reasonable
inference in favor of the nonmovant and resolve any doubts in his favor. Johnson,
891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31, 33 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). We will take all evidence favorable
to the nonmovant as true. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 
As movant, the defendant is entitled to summary judgment if the evidence disproves,
as a matter of law, at least one element of each of the plaintiff's causes of action or
conclusively establishes each element of an affirmative defense. Friendswood Dev.
Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).
          A defendant is entitled to summary judgment on an affirmative defense, such
as limitations, if the defendant conclusively proves all the elements of the affirmative
defense. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). To conclusively prove
all of the elements of the affirmative defense, the movant must present summary
judgment evidence that establishes each element of the affirmative defense as a matter
of law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). If the
defendant meets this burden, the plaintiff must then produce evidence raising a
genuine issue of material fact to avoid summary judgment on the affirmative defense. 
Nichols v. Smith, 507 S.W.2d 518, 520-21 (Tex. 1974). 
 Statute of Limitations
          In his first point of error, Vu argues that the trial court erred in granting
ExxonMobil’s motion for summary judgment because the two-year statute of
limitations for filing suit had not run.                       
          Vu contends the statute of limitations was “triggered” on March 12, 1998,
when he filed his verified “Charge of Discrimination” with the EEOC. The trial
court, however, found that the limitations began on October 20, 1997, when Vu filed
the unverified charge—more than two years before the suit was filed on December
20, 1999.
          A similar situation occurred 10 years ago in Brammer v. Martinaire, Inc., 838
S.W.2d 844 (Tex. App.—Amarillo 1992 no writ). Brammer filed an unverified
questionnaire with the Commission on Human Rights and, five months later, filed a
verified complaint. Id. at 845. The Amarillo Court of Appeals held that the verified
complaint related back and cured the technical defects in the unverified questionnaire. 
Id. at 847. The court concluded that the granting of the motion for summary
judgment, based on expiration of the statute of limitations, was proper because the
statute of limitations began to run from the date the unverified questionnaire was
filed. See id. at 848.


 
          Vu also argues that the “Charge of Discrimination” is not a “complaint” under
the rules until it is received by the TCHR. As previously addressed, Vu’s sworn
discovery responses indicate the TCHR received the charge on October 30, 1997.
          We find that the verified charge filed on March 12, 1998 related back and
cured the technical defects in the unverified charge filed on October 30, 1997. 
ExxonMobil conclusively proved its limitations affirmative defense. We overrule
Vu’s first point of error.
Fair and Adequate Notice
          In his second point of error, Vu argues that the trial court erred in granting
ExxonMobil’s motion for summary judgment because Vu’s original petition was
sufficient to give fair and adequate notice of a discrimination claim.
          Vu’s first point of error was dispositive; therefore, we need not address his
second point of error.
 
 
 
Conclusion
We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Radack, and Keyes. 
 
Do not publish. Tex. R. App. P. 47.