Dzung Huu VU, Appellant,

v.

**EXXONMOBIL CORPORATION,**
**Exxon Mobil Chemicals America,**
**and H.R. Breedlove, Appellees.**

No. 01–01–01041–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 16, 2003.

Bill R. Gifford, Houston, for Appellant.

Reid Grayson Gettys, for Exxon Corp.

Reid Grayson Gettys; William S. Helfand and Barbara Elliott–Roberts, Magenheim, Bateman & Helfand, Houston, for Appellees.

Panel consists of Chief Justice RADACK and Justices NUCHIA and KEYES.

## OPINION ON MOTION
## FOR REHEARING

EVELYN V. KEYES, Justice.

Appellant, Dzung Huu Vu, filed a motion for rehearing on December 10, 2002. We deny the motion for rehearing, but withdraw our previous opinion and substitute this opinion in its place to clarify the factual basis for our conclusions.

In this wrongful termination case, Vu appeals the trial court's rendition of summary judgment in favor of appellees, ExxonMobil Corporation, ExxonMobil Chemicals America, and H.R. Breedlove (collectively referred to as ExxonMobil). In two points of error, Vu argues that (1) the trial court erred in granting Exxon-

Mobil's motion for summary judgment because the statute of limitations had not run and (2) his original petition was sufficient to give fair and adequate notice of a discrimination claim to ExxonMobil. We affirm.

## Facts

In March 1997, Vu filed a Discrimination Complaint with ExxonMobil's Human Resources Department claiming that his supervisors and fellow employees were discriminating against him. Vu was terminated from his position on September 19, 1997, and, on October 30, 1997, Vu filed an unverified "Charge of Discrimination" with the Equal Employment Opportunity Commission (EEOC), a copy of which was received by the Texas Commission on Human Rights (TCHR) on November 4, 1997. On March 12, 1998, Vu filed a verified "Charge of Discrimination" with the EEOC, and, on March 18, 1998, TCHR and ExxonMobil were notified of Vu's claim. On May 18, 1998, ExxonMobil responded to Vu's claim by sending a statement of position to the EEOC. On September 20, 1999, Vu was sent a "Dismissal and Notice of Rights" from the EEOC. Vu filed his original petition on December 20, 1999, alleging breach of contract. Almost one year later, Vu amended his petition and added a discrimination claim. ExxonMobil filed a traditional motion for summary judgment which, among other things, asserted the affirmative defense of limitations. The trial court granted ExxonMobil's motion for summary judgment and specifically found:

1. The trigger date for the running of [Vu's] 2–year statute of limitations pursuant to Tex. Labor Code Ann. § 21.256 (Vernon 1996)[1] is found to be the date that [Vu] first filed written paperwork with the Commission, October 30, 1997. Plaintiff's Original Petition was filed on December 20, 1999; and

2. The Court further finds that Plaintiff's Original Petition is insufficient to give the Defendant fair and adequate notice of a claim for race and/or national origin discrimination. Violations of Title VII and/or violations of the Texas Commission on Human Rights Act were not properly pled until the filing of [Vu's] First Amended Petition on November 7, 2000.

Vu appeals these findings.

## Summary Judgment Based on Limitations

A traditional motion for summary judgment brought pursuant to Texas Rule of Civil Procedure 166a(c) is proper only when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *Johnson*, 891 S.W.2d at 644; *Lawson v. B Four Corp.*, 888 S.W.2d 31, 33 (Tex. App.-Houston [1st Dist.] 1994, writ denied). We will take all evidence favorable to the nonmovant as true. *Johnson*, 891 S.W.2d at 644; *Lawson*, 888 S.W.2d at 33. As movant, the defendant is entitled to summary judgment if the evidence disproves, as a matter of law, at least one element of each of the plaintiff's causes of action or conclusively establishes each element of an affirmative defense. *Friends-*

---

1. Section 21.256 provides that "a civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." TEX. LAB.CODE ANN. § 21.256 (Vernon 1996).

*wood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996).

A defendant is entitled to summary judgment on an affirmative defense, such as limitations, if the defendant conclusively proves all the elements of the affirmative defense. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995). To conclusively prove all of the elements of the affirmative defense, the movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). If the defendant meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact to avoid summary judgment on the affirmative defense. *Nichols v. Smith,* 507 S.W.2d 518, 520–21 (Tex.1974).

In his first point of error, Vu argues that the trial court erred in granting ExxonMobil's motion for summary judgment because the two-year statute of limitations for filing suit had not run. Vu contends the statute of limitations was "triggered" on March 12, 1998, when he filed his verified "Charge of Discrimination" with the EEOC. The trial court, however, found that the limitations began on October 20, 1997, when Vu filed the unverified charge—more than two years before the suit was filed on December 20, 1999.

A similar situation occurred in *Brammer v. Martinaire, Inc.,* 838 S.W.2d 844 (Tex. App.-Amarillo 1992, no writ). Brammer filed an unverified questionnaire with the Commission on Human Rights and, five months later, filed a verified complaint. *Id.* at 845. The Amarillo Court of Appeals held that the verified complaint related back and cured the technical defects in the unverified questionnaire. *Id.* at 847. The court concluded that the granting of the motion for summary judgment, based on expiration of the statute of limitations, was proper because the statute of limitations began to run from the date the unverified questionnaire was filed. *See id.* at 848.[2]

Vu argues that the "Charge of Discrimination" is not a "complaint" under the rules until it is received by the TCHR. On appeal, Vu argues that he did not file the unverified complaint with the TCHR; thus, he never filed a true "complaint."

Although his sworn interrogatory answer states, "I later filed an original charge with the Texas Commission on Human Rights and the EEOC on October 30, 1997," Vu later filed an affidavit retracting his sworn interrogatory answer and swearing that the complaint was filed only with the EEOC. The record, however, includes evidence that the EEOC forwarded the complaint to the TCHR in accordance with an interagency agreement to share all complaints. An official log sheet, attested to as a business record by the executive director of the TCHR, shows that the complaint Vu made about ExxonMobil after he was terminated on September 19, 1997, was received by the TCHR on November 4, 1997. Therefore, even if Vu is correct in claiming that a charge of discrimination is not a complaint until it is received by the TCHR—a point we do not decide here— we find that the charge of discrimination became a complaint under Vu's definition on November 4, 1997.

We find that the verified charge filed on March 12, 1998 related back and cured the technical defects in the unverified charge filed on October 30, 1997, which was transmitted by the EEOC to the TCHR and received by the TCHR on November 4, 1997. Vu's suit was not filed until December 1999, more than two years later, after limitations had expired. ExxonMobil con-

---

**2.** At the time of the *Brammer* decision, there was a one-year statute of limitations period.

clusively proved its limitations affirmative defense. We overrule Vu's first point of error.

In his second point of error, Vu argues that the trial court erred in granting ExxonMobil's motion for summary judgment because Vu's original petition was sufficient to give fair and adequate notice of a discrimination claim. Vu's first point of error was dispositive; therefore, we need not address his second point of error.

We affirm the judgment of the trial court.