Opinion issued January 16, 2003















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01041-CV






DZUNG HUU VU, Appellant


V.


EXXONMOBIL CORPORATION, EXXONMOBIL CHEMICALS AMERICA,
AND H.R. BREEDLOVE, Appellees






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 99-62312






OPINION ON MOTION FOR REHEARING

 Appellant, Dzung Huu Vu, filed a motion for rehearing on December 10, 2002. We
deny the motion for rehearing, but withdraw our previous opinion and substitute this opinion
in its place to clarify the factual basis for our conclusions.

 In this wrongful termination case, Vu appeals the trial court's rendition of summary
judgment in favor of appellees, ExxonMobil Corporation, ExxonMobil Chemicals America,
and H.R. Breedlove (collectively referred to as ExxonMobil). In two points of error, Vu
argues that (1) the trial court erred in granting ExxonMobil's motion for summary judgment
because the statute of limitations had not run and (2) his original petition was sufficient to
give fair and adequate notice of a discrimination claim to ExxonMobil. We affirm.

Facts

 In March 1997, Vu filed a Discrimination Complaint with ExxonMobil's Human
Resources Department claiming that his supervisors and fellow employees were
discriminating against him. Vu was terminated from his position on September 19, 1997,
and, on October 30, 1997, Vu filed an unverified "Charge of Discrimination" with the Equal
Employment Opportunity Commission (EEOC), a copy of which was received by the Texas
Commission on Human Rights (TCHR) on November 4, 1997. On March 12, 1998, Vu filed
a verified "Charge of Discrimination" with the EEOC, and, on March 18, 1998, TCHR and
ExxonMobil were notified of Vu's claim. On May 18, 1998, ExxonMobil responded to Vu's
claim by sending a statement of position to the EEOC. On September 20, 1999, Vu was sent
a "Dismissal and Notice of Rights" from the EEOC. Vu filed his original petition on
December 20, 1999, alleging breach of contract. Almost one year later, Vu amended his
petition and added a discrimination claim. ExxonMobil filed a traditional motion for
summary judgment which, among other things, asserted the affirmative defense of
limitations. The trial court granted ExxonMobil's motion for summary judgment and
specifically found:

 1. The trigger date for the running of [Vu's] 2-year statute of limitations
pursuant to Tex. Labor Code Ann. § 21.256 (Vernon 1996) (1) is found to be the
date that [Vu] first filed written paperwork with the Commission, October 30,
1997. Plaintiff's Original Petition was filed on December 20, 1999; and 


 2. The Court further finds that Plaintiff's Original Petition is insufficient to
give the Defendant fair and adequate notice of a claim for race and/or national
origin discrimination. Violations of Title VII and/or violations of the Texas
Commission on Human Rights Act were not properly pled until the filing of
[Vu's] First Amended Petition on November 7, 2000.


Vu appeals these findings. 

Summary Judgment Based on Limitations

 A traditional motion for summary judgment brought pursuant to Texas Rule of Civil
Procedure 166a(c) is proper only when the movant establishes that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a
summary judgment, we must indulge every reasonable inference in favor of the nonmovant
and resolve any doubts in his favor. Johnson, 891 S.W.2d at 644; Lawson v. B Four Corp.,
888 S.W.2d 31, 33 (Tex. App.--Houston [1st Dist.] 1994, writ denied). We will take all
evidence favorable to the nonmovant as true. Johnson, 891 S.W.2d at 644; Lawson, 888
S.W.2d at 33. As movant, the defendant is entitled to summary judgment if the evidence
disproves, as a matter of law, at least one element of each of the plaintiff's causes of action
or conclusively establishes each element of an affirmative defense. Friendswood Dev. Co.
v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).

 A defendant is entitled to summary judgment on an affirmative defense, such as
limitations, if the defendant conclusively proves all the elements of the affirmative defense. 
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). To conclusively prove all of the
elements of the affirmative defense, the movant must present summary judgment evidence
that establishes each element of the affirmative defense as a matter of law. Ryland Group,
Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). If the defendant meets this burden, the
plaintiff must then produce evidence raising a genuine issue of material fact to avoid
summary judgment on the affirmative defense. Nichols v. Smith, 507 S.W.2d 518, 520-21
(Tex. 1974). 

 In his first point of error, Vu argues that the trial court erred in granting ExxonMobil's
motion for summary judgment because the two-year statute of limitations for filing suit had
not run. Vu contends the statute of limitations was "triggered" on March 12, 1998, when he
filed his verified "Charge of Discrimination" with the EEOC. The trial court, however,
found that the limitations began on October 20, 1997, when Vu filed the unverified
charge--more than two years before the suit was filed on December 20, 1999.

 A similar situation occurred in Brammer v. Martinaire, Inc., 838 S.W.2d 844 (Tex.
App.--Amarillo 1992, no writ). Brammer filed an unverified questionnaire with the
Commission on Human Rights and, five months later, filed a verified complaint. Id. at 845. 
The Amarillo Court of Appeals held that the verified complaint related back and cured the
technical defects in the unverified questionnaire. Id. at 847. The court concluded that the
granting of the motion for summary judgment, based on expiration of the statute of
limitations, was proper because the statute of limitations began to run from the date the
unverified questionnaire was filed. See id. at 848. (2) 

 Vu argues that the "Charge of Discrimination" is not a "complaint" under the rules
until it is received by the TCHR. On appeal, Vu argues that he did not file the unverified
complaint with the TCHR; thus, he never filed a true "complaint." 

 Although his sworn interrogatory answer states, "I later filed an original charge with
the Texas Commission on Human Rights and the EEOC on October 30, 1997," Vu later filed
an affidavit retracting his sworn interrogatory answer and swearing that the complaint was
filed only with the EEOC. The record, however, includes evidence that the EEOC forwarded
the complaint to the TCHR in accordance with an interagency agreement to share all
complaints. An official log sheet, attested to as a business record by the executive director
of the TCHR, shows that the complaint Vu made about ExxonMobil after he was terminated
on September 19, 1997, was received by the TCHR on November 4, 1997. Therefore, even
if Vu is correct in claiming that a charge of discrimination is not a complaint until it is
received by the TCHR--a point we do not decide here--we find that the charge of
discrimination became a complaint under Vu's definition on November 4, 1997.

 We find that the verified charge filed on March 12, 1998 related back and cured the
technical defects in the unverified charge filed on October 30, 1997, which was transmitted
by the EEOC to the TCHR and received by the TCHR on November 4, 1997. Vu's suit was
not filed until December 1999, more than two years later, after limitations had expired. 
ExxonMobil conclusively proved its limitations affirmative defense. We overrule Vu's first
point of error.

 In his second point of error, Vu argues that the trial court erred in granting
ExxonMobil's motion for summary judgment because Vu's original petition was sufficient
to give fair and adequate notice of a discrimination claim. Vu's first point of error was
dispositive; therefore, we need not address his second point of error.

 We affirm the judgment of the trial court.


 Evelyn V. Keyes

 Justice



Panel consists of Chief Justice Radack and Justices Nuchia and Keyes. 


1. Section 21.256 provides that "a civil action may not be brought under this subchapter later
than the second anniversary of the date the complaint relating to the action is filed." Tex. Lab.
Code Ann. § 21.256 (Vernon 1996).
2. At the time of the Brammer decision, there was a one-year statute of limitations period.