In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00195-CV
____________

AMY MICHELLE PRICE, INDEPENDENT EXECUTRIX OF THE
ESTATE OF RANDY PRICE, DECEASED, Appellant

V.

AMERICAN NATIONAL INSURANCE COMPANY, Appellee




On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 16623




O P I N I O N
          This is an appeal from an order granting American National Insurance
Company, (ANICO), appellee, summary judgment. Amy Michelle Price,


 appellant,
contends that the trial court erred in granting summary judgment because (1) ANICO
failed to conclusively establish, as a matter of law, that insured, Randy Price,
committed suicide, and (2) she produced sufficient summary judgment evidence to
create a fact issue on whether ANICO breached the contract. This case turns on the
admissibility of summary judgment evidence, not its sufficiency. We reverse and
remand.
Factual Background
          In 1994, insured took out three loans from Gulf Coast Bank. He purchased
three policies of credit life insurance from ANICO for the amount of the outstanding
loan balances. The policies expressly limited recovery to an amount equal to the
premiums paid if the insured died from suicide within two years of the policies’
effective dates. 
          On the morning of May 1, 1995, the insured went to his accountant’s home,
where he and an employee performed some home repair work. Later that day, insured
planted grass as feed for his cows and used his backhoe to improve drainage on his
ranch. That night, insured’s fiancee, concerned because insured was not answering
his phone, called insured’s neighbors and asked them to check on him. The neighbors
went to insured’s house, opened the door, which was unlocked, turned on the lights,
and saw insured’s body lying next to the sofa. At approximately 10:45 p.m.,
Chambers County Sheriff’s deputies arrived, confirmed that insured was dead, and
investigated the scene. Investigator Yarbrough requested that an atomic absorption
test be run on insured’s hands. Approximately 40 minutes later, John McAdams, the
Justice of the Peace, arrived, ordered an autopsy, and began an inquest into the cause
of death. The Justice of the Peace determined that the cause of death was a self-inflicted gunshot wound. On May 2, and 3, Investigator Yarbrough took sworn
statements from Arthur Watson (the neighbor), Lillie Nolin (insured’s accountant),
Amancio Lazo (insured’s employee), Gwendolyn Price (insured’s ex-wife), Carol
Campbell (insured’s finance), and Mildred Moore (insured’s mother). Also on May
2, Dr. Eduardo Bellas conducted an autopsy and wrote a report in which he concluded
that insured had committed suicide. 
Procedural Background
          ANICO filed a motion for summary judgment alleging that it was entitled to
judgment as a matter of law because insured committed suicide within two years of
obtaining the policies. Consequently, the beneficiary was entitled to receive only the
amount of the premiums paid by insured, and ANICO paid the premiums to the 
beneficiary. ANICO also filed a no-evidence motion for summary judgment alleging
that Price cannot prove that it wrongfully withheld payment of the proceeds of the
policies because she cannot prove that insured’s death was not suicide. Price
responded to the motion, and ANICO replied to the response. The trial court granted
ANICO’s motion for summary judgment without stating upon which ground it was
granting the motion and overruled Price’s objections to ANICO’S motion for
summary judgment and ANICO’s summary judgment evidence.
Standard of Review
          To prevail on a traditional summary judgment, a defendant must either disprove
at least one element of each of the plaintiff’s theories of recovery, or plead and
conclusively establish all the elements of an affirmative defense. Am. Tobacco Co., 
v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Bangert v. Baylor Coll. of Med., 881
S.W.2d 564, 566 (Tex. App.—Houston [1st Dist.] 1994, writ denied). A matter is
conclusively established for summary judgment purposes if ordinary minds cannot
differ regarding the conclusion to be drawn from the evidence. Bradt v. West, 892
S.W.2d 56, 65 (Tex. App.—Houston [1st Dist.] 1994, writ denied). If the defendant
establishes an affirmative defense, the plaintiff must then introduce evidence that
raises a genuine issue of material fact on the affirmative defense. Nichols v. Smith,
507 S.W.2d 518, 521 (Tex. 1974); Vu v. ExxonMobile Corp., 98 S.W.3d 318, 320
(Tex. App.—Houston [1st Dist.] 2003, pet. filed).
          A no-evidence motion for summary judgment is proper when there is a
complete absence of evidence of one or more essential elements of a claim or defense
on which an adverse party has the burden of proof at trial. Tex. R. Civ. P. 166a(i);
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The motion
must state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i).
          In reviewing a summary judgment, we assume all the evidence favorable to the
nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and
resolve any doubts in favor of the nonmovant. Ernst & Young, L.L.P. v. Pac. Mut.
Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001). When the trial court’s summary
judgment order does not specify the ground or grounds on which summary judgment
is granted, the nonmovant must show on appeal that each independent ground alleged
is insufficient to support the summary judgment granted. 
Traditional Motion for Summary Judgment
          In her first point of error, Price contends that the trial court erred in granting
summary judgment because she produced sufficient summary judgment evidence to
create a fact issue on whether the insured committed suicide. ANICO asserts the
affirmative defense that the policies excluded coverage from death by suicide within 
two years of the effective date of the policy. We must determine whether ANICO
conclusively established that insured committed suicide. 
          There is a legal presumption against suicide, which, once rebutted, does not
have weight as evidence. Prudential Ins. Co. of Am. v. Krayer, 366 S.W.2d 779, 780
(Tex. 1963). The presumption places the burden of producing conclusive evidence
showing suicide on the insurance company. Smith v. Tenn. Life Ins. Co., 618 S.W.2d
829, 833 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ). 
          The presumption against suicide can be conclusively rebutted by wholly
circumstantial evidence. Krayer, 366 S.W.2d at 780; Smith, 618 S.W.2d at 834. The
question is whether reasonable minds might differ as to the inference to be drawn. 
Krayer, 366 S.W.2d at 780. The supreme court has held:
When the only reasonable inference which can be drawn
from all the evidence is that death was the result of suicide,
the presumption against suicide is conclusively rebutted. 
Thus, our inquiry is reduced to whether there was some
evidence in the record raising an issue either of accidental
death or homicide, the only other possible hypotheses.
 
  Id. (internal citations omitted)
          As summary judgment evidence, ANICO relied on the following: an inquest
finding; an autopsy report; Chambers County Sheriff’s Department investigative
report; and a death certificate. 
Inquest Finding
          The inquest finding states that based on Investigator Yarbrough’s investigation
and the autopsy report, the Justice of the Peace found that insured died as a result of
a self-inflicted gunshot wound to the chest. However, the record reveals that the
inquest was conducted on May 1, 1995. The autopsy was not conducted until May
2, the toxicology and atomic absorption tests were not conducted until May 3, and
Investigator Yarbrough was still conducting interviews and taking sworn statements
as late as May 3. These discrepancies create a fact question as to when the inquest
was held and on what evidence the Justice of the Peace relied to reach the conclusion
that insured died from a self-inflicted gunshot wound. Furthermore, the conclusion
that the wound was self-inflicted is also consistent with a finding that insured’s
wound resulted from an accidental shooting, and does not necessary mean that
insured committed suicide. The inquest finding does not conclusively establish
suicide as insured’s cause of death.
Death Certificate
          ANICO relies on the death certificate to conclusively establish that insured
committed suicide. The death certificate indicates that insured’s death resulted from
a self-inflicted wound to the chest with a .38 special pistol and that the manner of
death was suicide.


 The death certificate’s entry of suicide was based on the opinion
of the justice of the peace. Even if this opinion is uncontradicted, it is purely opinion
evidence and is not binding on the trier of fact. See Tix v. Employers Cas. Co., 368
S.W.2d 105, 110 (Tex. Civ. App.—Houston 1963, no writ); see also, Rivas v.
Garibay, 974 S.W.2d 93, 96 (Tex. App.—San Antonio 1998, pet. denied) (holding
a jury may disbelieve any witness, including a physician, even though the witness’s
testimony is not contradicted); Pan Am. Life Ins. Co. v. Youngblood, 569 S.W.2d 951,
957 (Tex. Civ. App.—Tyler 1978, writ ref’d. n.r.e.). Furthermore, cause of death is
not a subject in which the jury must be guided solely by the opinion testimony of
experts. Tix, 368 S.W.2d at 110; Youngblood, 569 S.W.2d at 957. The death
certificate does not conclusively establish suicide as insured’s cause of death.
Autopsy Report
          ANICO also relies on the autopsy report to establish that insured committed
suicide. Dr. Eduardo Bellas, a forensic pathologist, stated that he was of the opinion
that insured committed suicide. Price argues that this statement is conclusory. A
conclusory statement is one that does not provide the underlying facts to support the
conclusion. Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex. App.
—Houston (14th Dist.) 2000, no pet.). Conclusory statements, even when made by
experts, are insufficient to support or defeat summary judgment. Wadewitz v.
Montgomery, 951 S.W.2d 464, 466 (Tex. 1997). Although Dr. Bellas’s opinion was
accompanied by a detailed description of medical findings, nothing in the medical
report indicates what findings are consistent with or prove that the insured committed
suicide. Moreover, in McClelland v. Great Southern Life Insurance Company, the
court held that the doctor who performed the autopsy:
was not and could not have been testifying as to the intent
or lack of intent on the part of the deceased when he went
through the hotel room window. He was not present at that
time and knew nothing of the occurrence until he
performed the autopsy. He was testifying as to what he
saw and found upon the body of the deceased.
 
220 S.W.2d 515, 526 (Tex. Civ. App.—Beaumont 1949, writ ref’d n.r.e.).


 The
autopsy report does not conclusively establish suicide as the cause of death.
Investigative File
          Lastly, ANICO also relies on the Chambers County Sheriff’s Department
investigative file, which includes numerous affidavits, interviews, and reports, to
conclusively establish that insured committed suicide. In her response to the motion
for summary judgment, Price argued that the affidavits of insured’s neighbor,
insured’s fiancee, and insured’s mother are incompetent summary judgment evidence
under rule 166a(f). See Tex. R. Civ. P. 166a(f). The affidavits state that “to the best
of my knowledge the statement is true and correct”; they do not state that they are
based on personal knowledge. Rule 166a(f) states that affidavits “shall be made on
personal knowledge.” Tex. R. Civ. P. 166a(f). “Statements that are equivocal or are
merely based on the affiant’s ‘best knowledge’ constitute no evidence at all and are
insufficient to raise a fact issue.” Hall v. Stephenson, 919 S.W.2d 454, 466 (Tex.
App.—Fort Worth 1996, writ denied) (citing Int’l Turbine Serv., Inc. v. Lovitt, 881
S.W.2d 805, 808 (Tex. App.—Fort Worth 1994, writ denied). Therefore, these
affidavits constitute no evidence that insured committed suicide, and the trial court
erred when it overruled Price’s objection.
          Price conceded that the investigative file was admissible under rule 803(6), the
business records exception, but argued that the narrative reports, contained therein,
are hearsay. See Tex. R. Evid. 803(6). ANICO replied that the narrative reports are
not hearsay because they are offered to show the extent of the officers’ investigation,
and not for the truth of the matter asserted. Therefore, we consider the interviews
only as proof of the extent of the officers’ investigation, and not as evidence that
insured intended or had a motive to commit suicide. The fact that the officers
conducted an extensive investigation, without evidence of their conclusion, is not
relevant to our inquiry.
Price’s Response
          We summarize the evidence favoring Price to determine whether she produced
sufficient evidence to create a fact issue on whether insured’s death was not suicide. 
As summary judgment evidence, Price relied on the following: deposition testimony
and an affidavit of Mildred Moore (insured’s mother); an affidavit of Mary Arrington
(insured’s sister), and deposition testimony of Amy Michelle Price Stephenson
(insured’s daughter). 
          Price presented evidence showing that insured’s behavior prior to his death
indicated that he planned to continue living. Insured died a few weeks before his
planned marriage to his fiancee. The couple had picked out their wedding invitations. 
Two months before his death, insured had become a lifetime member of the Houston
Rodeo, forgoing a cheaper yearly membership. In the days before his death, insured
told his daughter that he was excited about a new cutting horse he had just purchased,
he finished installing a fence on his land, and made other improvements to his ranch. 
His mother and sister testified that he was excited about anything that had to do with
his farm. The night before his death, insured made plans to move his sister from
Houston to Dallas during the next weekend.
          Insured’s mother testified that although insured had been through a long, hard
divorce, once the divorce was final in December of 1994, he “moved forward in his
life and things really improved for him.” She testified that he had a close relationship
with his four-year-old son. She also testified that insured knew he had a lot of family
support and that she could help him financially if he needed it. She had loaned him
money in the past and he had always paid her back with interest. 
          Insured’s sister testified that during their conversations about their step-father’s
suicide, insured said that he could never do that to his children or his mother. 
Insured’s daughter testified that she did not believe her father committed suicide
because he was a strong person who had overcome obstacles. 
          Moreover, the following evidence presented by ANICO, in light of the
testimony presented by Price, raises an issue of material fact that insured’s death was
not suicide. There are no known witnesses of the circumstances surrounding his
death. A .38 caliber revolver was found on the sofa next to insured’s body and a .38
bullet was recovered from the sofa. However, the officers did not test the bullet to
determine whether it was fired from the revolver. The atomic absorption test on the
insured’s hands was negative, indicating that insured had not recently fired a gun. 
Although the officers retrieved fingerprints from the gun, there was no evidence that
the fingerprints belonged to insured. No suicide note was found and there is no
evidence that the insured had indicated a desire to commit suicide and he had not
previously attempted to commit suicide. 
          Assuming all the evidence favorable to Price is true, indulging every
reasonable inference in favor of her, and resolving any doubts in her favor, we hold
that Price has raised a genuine issue of material fact that insured’s death was not
suicide. Although the evidence ANICO presented rebutted the presumption of
suicide, it did not conclusively establish that insured committed suicide.
          Therefore, we hold that the trial court erred in granting summary judgment in
favor of ANICO.
 
No-Evidence Motion for Summary Judgment
          In its no-evidence motion for summary judgment, ANICO argued that there is
no evidence that it was in breach when it withheld payment of the proceeds of the
policies because Price had not produced any evidence raising a genuine issue of
material fact that insured’s death was not suicide. In effect, ANICO tried to shift its 
burden of proving suicide to Price to prove the insured did not commit suicide. 
ANICO is not entitled to summary judgment on a no-evidence motion on a ground
that it had the burden to prove. 
          To produce “some evidence” of breach, it is sufficient for Price to produce
evidence that insured died, and ANICO refused to pay the value of the policy. Copies
of the policies and a letter from ANICO indicating that it was refusing payment for
the face value of the policy is in the record and is undisputed.
          Therefore, we hold that the trial court erred in granting no-evidence summary
judgment in favor of ANICO.
 
 
 
 
 
 
Conclusion
          Our holding is compelled by the inadmissibility of much of ANICO’s evidence. 
It is limited to the state of this record. We do not opine whether ANICO’s summary
judgment evidence, had it been admissible, would have conclusively established
insured’s death as suicide as a matter of law.
          We reverse the trial court’s judgment and remand this cause for trial.
 
                                                                        Adele Hedges
                                                                        Justice
 
Panel consists of Justices Hedges, Jennings, and Alcala.