NUMBER 13-06-401-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE CITY OF LA JOYA, TEXAS, Appellant,


v.


SHEILA ORTIZ, Appellee.

 


On appeal from the 332nd District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza
 

This is an interlocutory appeal from the denial of a plea to the jurisdiction. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). Appellee, Sheila Ortiz,
sued appellant, the City of La Joya (the "City"), under the Texas Commission on Human
Rights Act (TCHRA), alleging unlawful employment practices and retaliation. See Tex.
Lab. Code Ann. §§ 21.051, 21.055 (Vernon 2006). The City filed a plea to the jurisdiction,
contending that Ortiz's administrative complaint was untimely filed. See Tex. Lab. Code
Ann. § 21.202 (Vernon 2006) (requiring that claims under the TCHRA must be filed not
later than the 180th day after date alleged unlawful employment practice occurred). The
City also alleged that Ortiz "failed altogether to file an administrative charge involving
retaliation." The trial court denied the City's plea to the jurisdiction. This appeal ensued. 
By three issues, the City contends the trial court erred in denying its plea to the jurisdiction. 
We affirm. 

I. Factual Background

Sheila Ortiz worked as a radio dispatcher for the City of La Joya Police Department. (1) 
Ortiz alleges that during her employment with the City she was sexually harassed by her
supervisor, Chief of Police, Isidro Casanova. She claims that on several occasions, from
May 2002 through May 2004, she was forced by Casanova to perform oral sex on him and
engage in unprotected sexual intercourse with him. In May 2004, Ortiz reported the sexual
harassment to the City. Ortiz also filed a complaint with the Texas Workforce Commission
and the Equal Employment Opportunity Commission ("EEOC"). After the Texas Workforce
Commission dismissed her complaint and issued a right-to-sue letter, Ortiz filed this suit
against the City. 

II. Standard of Review


A plea to the jurisdiction contests the trial court's authority to determine the subject
matter of the cause of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). Whether a trial court has subject matter jurisdiction is a question of law reviewed
de novo. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002). Likewise, whether undisputed evidence of jurisdictional facts establishes a trial
court's jurisdiction is also a question of law that we review de novo. Tex. Dept. of Parks
and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). If, as in the present case, a
jurisdictional challenge implicates the merits of the plaintiff's cause of action and relevant
evidence is submitted by the parties, the trial court reviews the evidence to determine
whether a fact issue exists. Id. at 227 (citing Bland, 34 S.W.3d at 555). (2) If the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial
court rules on the plea to the jurisdiction as a matter of law. Id. at 228. However, if the
evidence creates a fact question regarding the jurisdictional issue, then the trial court
cannot grant the plea to the jurisdiction and must allow the fact finder to resolve the
dispute. Id. at 227-28.

In Miranda, the supreme court recognized that a trial court's review of a plea to the
jurisdiction challenging the existence of jurisdictional facts "mirrors" that of a traditional
summary judgment. Id.; Tex. R. Civ. P. 166a(c). The Miranda court explained that, by
requiring the State to meet the summary judgment standard of proof, "we protect the
plaintiffs from having to 'put on their case simply to establish jurisdiction.'" Miranda, 133
S.W.3d at 228 (quoting Bland, 34 S.W.3d at 554). Under this procedure, the burden is on
the defendant to put forth evidence establishing as a matter of law that the trial court lacks
jurisdiction. Id.; Tex. R. Civ. P. 166a. The burden then shifts to the plaintiff to demonstrate
that there is a disputed issue of material fact regarding the jurisdictional issue. Miranda,
133 S.W.3d at 228. The defendant cannot simply deny the existence of jurisdictional facts
and force the plaintiff to raise a fact issue. See Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002); see also County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002) ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits
but must consider only the plaintiffs' pleadings and evidence pertinent to the jurisdictional
inquiry.").

III. Timeliness of Complaint

 

In its first issue, the City contends the trial court erred in denying its plea to the
jurisdiction because Ortiz's complaint was untimely filed. See Tex. Lab. Code Ann. §
21.202. 

Pursuant to the statute, a complaint filed under the TCHRA "must be filed not later
than the 180th day after the date the alleged unlawful employment practice occurred." Id.
§ 21.202(a). "The commission shall dismiss an untimely complaint." Id. § 21.202(b). As
a general rule, when "must" is followed by a noncompliance penalty, it is construed as
mandatory. Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). Before suing
in state court, an employee must exhaust her administrative remedies under the Act by first
filing a complaint with the TCHR within 180 days of the alleged discriminatory act. 
Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991); see Tex. Lab. Code
Ann. § 21.202(a). This limitations period is mandatory and jurisdictional. Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); Schroeder, 813 S.W.2d
at 486. Failure to timely file an administrative complaint deprives Texas trial courts of
subject matter jurisdiction. Czerwinski v. Univ. of Tex. Health Science Ctr., 116 S.W.3d
119, 121 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). 

In its plea, the City argued that the last alleged act of discrimination occurred on
May 1, 2004 and that Ortiz's administrative complaint was untimely filed because it was not
received by the Texas Workforce Commission until November 1, 2004, 184 days after the
date of the last act of discrimination. The City argued that Ortiz's complaint should have
been filed no later than October 28, 2004. Ortiz responded that because she mailed the
administrative complaint on October 28, 2004, she complied with the 180-day filing
requirement of section 21.202. See Tex. Lab. Code Ann. § 21.202. In addition, Ortiz
presented evidence that the last alleged act of discrimination did not occur on May 1, 2004,
but occurred sometime after May 1. Thus, Ortiz contended the filing deadline would not
have been October 28, but some time in the first week of November 2004. 

On appeal, the City re-urges its contention that Ortiz's complaint was untimely filed,
and additionally argues that mailing the complaint does not constitute filing for purposes
of a discrimination claim. See Taylor v. Gen. Tel. Co., 759 F.2d 437, 440-42 (5th Cir.
1985) (concluding that "'mailing' may not be construed as 'filing' for purposes of Title VII."). (3) 
Whether mailing a complaint constitutes filing for purposes of determining timeliness of a
complaint is a question we need not decide. The Texas Workforce Commission-Civil
Rights Division recently clarified that "[f]or the purpose of satisfying the filing requirements
of Texas Labor Code § 21.201 . . . timeliness of the complaint shall be determined by the
date on which the complaint is received by the local commission." 40 Tex. Admin. Code
§ 819.71(3). Accordingly, we proceed with the determination of whether a fact issue exists
regarding the date of the last act of discrimination. 

As evidence that the last act of discrimination occurred after May 1, and in turn, that
the complaint was timely filed, Ortiz presented her Intake Questionnaire, her sworn
affidavit, and Charge of Discrimination, each providing that the last act of discrimination
occurred "1ST Week of May, 2004," "early May," and "from March 2002 to May 2004." (4) 
The Charge of Discrimination also provided that the latest date the discrimination took
place was "05/01/2004." (5) Ortiz also submitted an affidavit to the trial court, dated April 7,
2006, in which she asserts that "the last incident of harassment did not occur on May 1,
2004, but some time after May 1, 2004." (6) We conclude this evidence raises an issue of
material fact regarding the date of the last act of discrimination and the timeliness of the
complaint. Further, the fact that the Texas Workforce Commission issued a right-to-sue
letter, instead of dismissing the complaint as untimely, is additional evidence that the
complaint was timely filed. See Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 664
(Tex. App.-Corpus Christi 1997, pet. withdrawn) (jury could infer timely filing of complaint
from issuance of right-to-sue letter); see also Tex. Lab. Code Ann. § 21.202(b) (directing
TCHR to dismiss untimely claims). (7) This evidence creates a genuine issue of material fact
regarding whether Ortiz timely filed her complaint. Therefore, we conclude the trial court
did not err in denying the City's plea to the jurisdiction. The City's first issue is overruled. IV. 

In its second issue on appeal, the City contends Ortiz's April 7, 2006 affidavit is
"irrelevant to the issue of jurisdiction" because it was not submitted to the Texas Workforce
Commission. However, the City has failed to provide appropriate references to authority
in support of its position. Accordingly, we overrule the City's second issue because it is
inadequately briefed. See Tex. R. App. P. 38.1(h). We nevertheless note that the City's 
argument is without merit. When addressing a plea to the jurisdiction challenging the
existence of jurisdictional facts, we must consider any relevant evidence submitted by the
parties when necessary to resolve the jurisdictional issues raised. Miranda, 133 S.W.3d
at 226 (emphasis added) (citing Bland, 34 S.W.3d at 555)). The affidavit is clearly relevant
in resolving the jurisdictional issue. The City's second issue is overruled. 

V. 

In its third issue, the City alleges that Ortiz was jurisdictionally barred from bringing
her retaliation claim before the trial court because the claim was not raised in her Charge
of Discrimination. Ortiz responds that her retaliation claim is not jurisdictionally barred
because the claim is reasonably related to the contentions raised in her Charge of
Discrimination. 

A lawsuit under the Act is limited to claims made in the discrimination complaint and
"factually related claims that could reasonably be expected to grow out of the
Commission's investigation of the charge." Johnson v. Hoechst Celanese Corp., 127
S.W.3d 875, 878 (Tex. App.-Corpus Christi 2004, no pet.); Thomas v. Clayton Williams
Energy, Inc., 2 S.W.3d 734, 738 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (citing Fine
v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993)). It is unnecessary for a plaintiff
to exhaust administrative remedies prior to urging a retaliation claim growing out of an
earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows
out of an administrative charge that is properly before the court. See Elgaghil v. Tarrant
County Junior College, 45 S.W.3d 133, 142 (Tex. App.-Fort Worth 2000, pet. denied);
Thomas, 2 S.W.3d at 738. 

Ortiz's administrative charge filed with the Texas Workforce Commission and the
EEOC only alleges that unlawful employment practices had been taken against her based
on her sex and based on "T[CHR] Act." The charge makes no mention of any retaliation
claims. However, Ortiz's Intake Questionnaire stated a claim for retaliation. The
questionnaire stated that after she reported the sexual harassment to the City
Administrator and Finance Director, Chief Casanova's sister, Gracie Muniz, who is also a
City of La Joya Police Department employee, threatened to kill her. (8) Ortiz raises the same
retaliation complaint in her live pleading. 

Although the charge itself contained no allegations regarding retaliatory practices
being taken against Ortiz, the Intake Questionnaire did. Further, the basis of Ortiz's
retaliation claim, that she was threatened as a result of filing her sexual harassment
complaint, could be expected to grow out of her charge. Tex. Lab. Code Ann. § 21.201(e),
(f); Thomas, 2 S.W.3d at 738. Thus, it was unnecessary for Ortiz to file a second
complaint. As a result, Ortiz exhausted her administrative remedy for her retaliation
complaint. The City's third issue is overruled. 

The order of the trial court is affirmed. 


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 1st day of February, 2007.

1. Ortiz resigned from her employment with the City in 2005 due to an incident unrelated to this suit.
2. In deciding motions to dismiss for lack of subject matter jurisdiction, the trial court may consider
affidavits, allow further discovery, hear oral testimony, or conduct an evidentiary hearing. See Texas Dept.
of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 228 n.6 (Tex. 2004). 
3. "Because one purpose of [chapter 21] is to bring Texas law in line with federal laws addressing
discrimination, federal case law may be cited as authority." Specialty Retailers, Inc. v. DeMoranville, 933
S.W.2d 490, 492 (Tex. 1996).
4. The City attempts to discount Ortiz's Intake Questionnaire as evidence because it is unsworn, and
insists that we look only to the formal, sworn Charge of Discrimination. However, we note that the City raised
this concern in its statement of facts and procedural history, did not raise it in its discussion of this issue, and
further failed to provide any authority in support of its contention. We need not address this contention
because it was inadequately briefed. See Tex. R. App. P. 38.1(h). 


 In any event, we note that complaints filed with the Commission may be "amended to cure technical
defects or omissions, including failure to verify the complaint . . . ." Brammer v. Martinaire, Inc., 838 S.W.2d
844, 847 (Tex. App.-Amarillo 1992, no writ). Further, amendments made to complaints relate back to the
date the original complaint was filed with the Commission. Hennigan v. I.P. Petroleum Co., 858 S.W.2d 371,
373 (Tex. 1993) (holding that a verified complaint relates back to, and satisfies any deficiencies in an
unverified questionnaire); Brammer, 838 S.W.2d at 847. Thus, the verified Charge of Discrimination
subsequently filed by Ortiz relates back to, and satisfies any deficiencies, in the unverified Intake
Questionnaire. See Hennigan, 858 S.W.2d at 373; Brammer, 838 S.W.2d at 847; see also Tex. Lab. Code
Ann. § 21.201(e), (f) (Vernon 2006). Consequently, there is no merit in the City's contention. 
5. We question whether the formal Charge of Discrimination was actually completed by Ortiz or by the
Texas Workforce Commission. The regular practice "is to require an aggrieved party to complete a
questionnaire concerning his charge and submit it to [the Commission]. The Commission thereafter prepares
a formal charge and sends this to the complainant to be reviewed and signed under oath." Brammer, 838
S.W.2d at 846. 
6. By its second issue on appeal, the City contends this affidavit is "irrelevant to the issue of jurisdiction"
because it was not submitted to the Texas Workforce Commission. However, because we overrule the City's
second issue, we conclude the affidavit was relevant in resolving the jurisdictional issue. 
7. Although the Commission dismissed Ortiz's complaint, it specified "Other" as its reason for the
dismissal even though it could have been dismissed based on the untimeliness of the claim had the
Commission determined the complaint was untimely. 
8. As this is a plea to the jurisdiction, we need not make a determination on the merits of Ortiz's
retaliation claim.