116 S.W.3d 119 (2002)
Barbara Shelden CZERWINSKI, Ph.D, R.N., F.A.N.N., Appellant,
v.
THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON SCHOOL OF NURSING; Patricia L. Starck, D.S.N., R.N., F.A.N.N., in her individual and unofficial capacity; and Mary Anne Marcus, E.D.D., in her individual and unofficial capacity, Appellees.
No. 14-02-00230-CV.
Court of Appeals of Texas, Houston (14th Dist.).
December 5, 2002.
*120 Peter Costea, Houston, for appellant.
Alison Ianthe Wong, Idolina Garcia, Austin, for appellees.
Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

OPINION
CHARLES W. SEYMORE, Justice.
In this age discrimination case, appellant, Barbara Czerwinski, appeals the order of the trial court granting the University's[1] plea to the jurisdiction. Specifically, appellant contends the trial court erred by concluding that the filing requirements prescribed under the Texas Commission on Human Rights Act ("Act") are jurisdictional. Finding no merit in appellant's contention, we affirm.

*121 Background
After Czerwinski earned a Ph.D. in nursing, she became a professor at the University. Her employment began on September 1, 1996 and ended September 1, 1999. Thereafter, Czerwinski filed an action in federal district court alleging fraud against her immediate supervisors, Dr. Patricia Starck and Dr. Mary Anne Marcus. Czerwinski alleged that they fraudulently persuaded her to request a change of status from tenure track to clinical track. Czerwinski would have been entitled to significant retirement benefits had she remained on tenure track. After Czerwinski's change in status, on May 11, 1999, the University gave notice that her contract would not be renewed. Czerwinski pursued a cause of action for fraud which was ultimately dismissed by the federal district court. During discovery in the fraud case, Czerwinski reviewed a document that prompted her to file the action made the basis of this appeal. The document allegedly detailed the University's objective to recruit "promising, young nurse researchers." At that time Czerwinski was employed as a nurse researcher; however, she was fifty-eight years old. On October 23, 2000, she filed a charge of age discrimination with the Texas Commission on Human Rights ("TCHR"). On April 23, 2001, she requested that the TCHR issue a right to sue letter. On May 1, 2001, the TCHR issued a notice of dismissal, noting that more than 180 days had passed since the alleged discriminatory act.
Czerwinski then initiated this suit alleging age discrimination in employment. Appellees filed a plea to the jurisdiction based on Czerwinski's failure to file a complaint with the Commission within 180 days of the alleged discriminatory act, as required by section 21.202 of the Texas Labor Code. The trial court ruled that compliance with the 180-day period for filing suit is mandatory and granted the University's jurisdictional plea.

Discussion
A plea to the jurisdiction is the vehicle by which a party contests the trial court's authority to decide a case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.2000); TRST Corpus, Inc. v. Fin. Ctr., Inc., 9 S.W.3d 316, 320 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). It is a dilatory plea, the purpose of which is to defeat the cause of action without addressing the merits of the case. Bland, 34 S.W.3d at 554. The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. Id. Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction de novo. Id.
The Texas Commission on Human Rights Act maintains a comprehensive administrative review system for obtaining relief from unlawful employment practices. Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex.1991). Before suing in state court, an employee must exhaust her administrative remedies under the Act by first filing a complaint with the TCHR within 180 days of the alleged discriminatory act. Id.; see also TEX. LAB.CODE ANN. § 21.202(a) (Vernon Supp.2002). This affords the TCHR the opportunity to investigate the allegation, informally eliminate any discrimination, and minimize costly litigation. See Tex. Lab.Code Ann. §§ 21.203, 21.204(a), 21.207(a) (Vernon Supp.2002); Stinnett v. Williamson County Sheriff's Dep't, 858 S.W.2d 573, 577 (Tex.App.-Austin 1993, writ denied). The requirement is of such import that failing to comply deprives the court of subject matter jurisdiction. Schroeder, 813 S.W.2d at 485-89. In other words, unless and until an employee *122 timely submits her complaint to the TCHR, the courts of Texas are barred from adjudicating that complaint. Id.; Stinnett, 858 S.W.2d at 576; Ridgway's Inc. v. Payne, 853 S.W.2d 659, 663 (Tex. App.-Houston [14th Dist.] 1993, no writ).
The supreme court has held that the "limitation period for [filing a] civil action [under the Act] is also mandatory and jurisdictional." Schroeder, 813 S.W.2d at 487 n. 10; see also Cent. Power & Light Co. v. Caballero, 872 S.W.2d 6, 7 (Tex. App.-San Antonio 1994, writ denied); Brammer v. Martinaire, Inc., 838 S.W.2d 844, 848 (Tex.App.-Amarillo 1992, no writ); Eckerdt v. Frostex Foods, Inc., 802 S.W.2d 70, 71 (Tex.App.-Austin 1990, no writ).
Subject matter jurisdiction exists by operation of law only and cannot be conferred upon the court by consent or waiver. Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex.2000). Appellant argues Dubai stands for the proposition that failure to comply with statutory requirements is not jurisdictional, but an issue the parties may raise on the merits. Id. at 76-77. The supreme court in Dubai, however, reasoned that the trial court had jurisdiction because a claim for wrongful death was within its constitutional jurisdiction, not because plaintiff satisfied all of the grounds listed in a statute. Id.
A recent decision distinguishing Dubai involved a wrongful death action where the trial court maintained "constitutional jurisdiction." Tex. S. Univ. v. Carter, 84 S.W.3d 787, 791 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.). The court in Carter held the Whistleblower Act is statutory in nature and that a whistleblower has no common law cause of action. The court further held that the statutory grievance procedure in the Whistleblower Act is a jurisdictional requirement, the failure of which may be challenged by way of a plea to the jurisdiction. Id. at 792.
Similarly, a sister court has recently held that an employee's failure to exhaust her administrative remedies with the TCHR resulted in the trial court not having subject matter jurisdiction. Davis v. Educ. Serv. Ctr., 62 S.W.3d 890, 893 (Tex. App.-Texarkana 2001, no pet.). Most recently, in Tarrant County v. Vandigriff, 71 S.W.3d 921, 928 (Tex.App.-Fort Worth 2002, pet. denied), the court reversed a trial court's denial of a plea to the jurisdiction where the plaintiff filed suit under the TCHR, but failed to bring suit within the required two-year period. In its reversal, the court also held that the limitation period under the Act is mandatory and jurisdictional. Id. at 924. The court cited Dubai, but only for the proposition that subject matter jurisdiction exists by operation of law and cannot be conferred upon the court by consent or waiver. Id. at 925.
The TCHR was created by the legislature to correlate state law with federal law in the area of employment discrimination. Schroeder, 813 S.W.2d at 485. Therefore, before filing an employment discrimination claim, one must comply with the statutory mandates of the TCHR. We agree with the line of cases holding that failure to comply with the Act results in the trial court lacking jurisdiction. Id. at 487 n. 10; see also Caballero, 872 S.W.2d at 7; Brammer, 838 S.W.2d at 848; Eckerdt, 802 S.W.2d at 71. We are not persuaded that Dubai overruled those cases or should apply to purely statutory causes of action created by the legislature. Accordingly, we hold that Czerwinski's failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction.
Appellant also argues that her claim is subject to equitable tolling. Equitable tolling, however, applies "in situations where the claimant has actively *123 pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadlines to pass." Rowe v. Sullivan, 967 F.2d 186, 192 (5th Cir.1992). See also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We hold the doctrine of equitable estoppel is not applicable because the statutory filing requirements are jurisdictional.
Czerwinski further argues that we should look to the federal court for guidance in deciding the issue. We agree that our courts may consider how the federal act is implemented under clauses similar to those at issue in the Texas act. See Eckerdt, 802 S.W.2d at 72. However, we are obligated to follow only the Texas and United States Supreme Courts. Penrod Drilling Corp. v. Williams, 868 S.W.2d 294, 296 (Tex.1993); Mohamed v. Exxon Corp., 796 S.W.2d 751, 753-54 (Tex.App.-Houston [14th Dist.] 1990, writ denied). Further, Texas courts have construed the state law provisions to be mandatory and jurisdictional; thus, we decline to be guided by federal law on this issue. The judgment of the trial court is affirmed.
NOTES
[1] "The University" refers to all appellees in this case: The University of Texas Health Science Center at Houston School of Nursing, Dr. Patricia L. Stark, and Dr. Mary Anne Marcus.