Opinion issued November 16, 2006




     










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00791-CV




LANEISHA DAVIS, Appellant

V.

AUTONATION USA CORPORATION, AUTONATION USA,
AUTONATION, INC., AUTONATION USA CORPORATION D/B/A MIKE
HALL CHEVROLET, INC. D/B/A CHAMPION CHEVROLET HWY. 6,
MIKE HALL CHEVROLET, INC. D/B/A CHAMPION CHEVROLET,
Appellees




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2003-27554




O P I N I O N
          In this employment discrimination suit, appellant, Laneisha Davis, appeals the
order granting summary judgment in favor of appellees, Autonation USA Corporation,
Autonation USA, Autonation, Inc., Autonation USA Corporation d/b/a Mike Hall Chevrolet,
Inc. d/b/a Champion Chevrolet Hwy. 6, Mike Hall Chevrolet, Inc. d/b/a Champion Chevrolet
(collectively “appellees”). In one issue on appeal, Davis argues that the trial court
improperly granted summary judgment because material issues of fact exist. 
          We affirm.
Background
          On or around November 11, 1996, Davis started to work for appellees. On
April 1, 2001, Davis transferred to the finance department, at Mike Hall Chevrolet,
where she worked as a finance manager. At that time, Mike Gardner served as the
General Manager and George Duncan served as the Finance Director. In her
deposition, Davis stated that she had problems from the first day she went to work for
Duncan, her immediate supervisor. She stated that, when she first got there, she had
a meeting with Duncan and they did not “hit it off.” She described having problems
on the first or second day because Duncan was not pronouncing her name correctly. 
She also complained to Gardner that Duncan was not rotating the schedule fairly. At
the end of June 2001, Davis told Duncan that he was not rotating the deals properly. 
She said that the unfair rotation of deals started in May. She also complained about
having to do secretarial duties. 
          On November 9, 2001, Davis had a meeting with Duncan and Gardner. In the
meeting Davis received a corrective action record for a “Failure To Meet Performance
Standard.” Under the tab named “Required Improvement,” the action record states
that “the Finance department and the dealership as a whole cannot continue to sustain
this loss of revenue.” Davis was told that she could either transfer to the Internet
department or be terminated because of poor performance. Davis decided to transfer
to the Internet department, where she received substantially less money than she had
previously earned as a finance manager. Davis ultimately quit her job at Mike Hall
Chevrolet because she was not earning enough money. Davis testified that, when she
quit in January 2002, Duncan was not mistreating her. These events form the basis
of Davis’s discrimination complaint, which are the subject of this appeal.


 
          On June 5, 2002, Davis filed a charge of discrimination


 against appellees. Her
charge of discrimination lists race and sex discrimination that occurred between April
1, 2001 and January 2, 2002. She stated on the form that “I was discriminated
because of race and gender because I was treated differently in my department by my
immediate supervisor, George Duncan.” On the back of the form she stated that she
was “given finance deals that were less lucrative, given secretarial duties that [the]
other guy did not have to do.” Where the form stated, “On what date did you learn
that the company took this action against you,” Davis answered “almost immediately
4-1-01.” 
          On May 23, 2003, Davis sued appellees, alleging claims of race and gender
discrimination, retaliation, negligent hiring, negligent supervision, negligent
retention, and intentional infliction of emotional distress. Appellees’ filed a
traditional motion for summary judgment on December 17, 2004. In their motion for
summary judgment, appellees argued that Davis failed to comply with section
21.202(a) of the Labor Code because she failed to file her charge of discrimination
within 180 days of her demotion or any other discrete act of alleged discrimination
by her employer. Section 21.202 provides “a complaint under this subchapter must
be filed not later than the 180th day after the date the alleged unlawful employment
practice occurred.” Tex. Lab. Code Ann. § 21.202 (Vernon 2006). Appellees also
alleged that Davis did not comply with section 21.201 of the Labor Code because she
failed to describe her allegations of harassment and retaliation. 
          Davis filed an amended petition on February 2, 2005, alleging a hostile work
environment and discrimination based on race and gender. On February 1, 2005, in
response to the motion for summary judgment, Davis stated that she timely filed her
lawsuit within the 180-day limitation because the appellees’ actions were a
continuing violation of her rights under the Texas Commission on Human Rights Act
(TCHRA)


 until the time she was forced to resign. She further stated that “[she]
welcomed the opportunity to transfer to another department to rid herself of Duncan”
and that she “did not appreciate, or experience the cumulative affect of [Duncan’s]
actions until she received her nominal pay in December.” 
          The appellees filed a reply to Davis’s response reiterating their previous points. 
On May 2, 2005, the trial court signed an order that granted the entirety of the
appellees’ motion for summary judgment, without stating its reasons, and ordered that
all of Davis’s claims were dismissed with prejudice. Davis filed a motion for new
trial, which the trial court denied. Davis appeals the trial court’s judgment that
dismissed her discrimination claims.
 
Analysis
          Whether a court has subject matter jurisdiction is a legal question subject to de
novo review. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
The standard of review in an appeal from a traditional summary judgment requires a
defendant who moved for a summary judgment on the plaintiff’s causes of action (1)
to show there is no genuine issue of material fact as to at least one element of each
of the plaintiff’s causes of action or (2) to establish each element of the defendant’s
affirmative defense. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).
          In reviewing a traditional or a no-evidence summary judgment, we assume all
the evidence favorable to the nonmovant is true, indulge every reasonable inference
in favor of the nonmovant, and resolve any doubts in favor of the nonmovant. Ernst
& Young, L.L.P. v. Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001). 
When, as here, the trial court’s summary judgment order does not specify the ground
or grounds on which summary judgment is rendered, we will affirm the summary
judgment if any of the grounds stated in the motion is meritorious. Id. (citing Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989)).
          Adverse Employment Action
          In her sole issue on appeal, Davis asserts that a fact issue exists as to whether
a reasonably prudent person would have known that an adverse employment action
occurred on or about November 9, 2001. Davis contends that, at the time that she was
reassigned to the Internet department, she did not know that the transfer involved a
reduction in pay or whether the transfer was a promotion, demotion, or lateral move. 
She contends that she did not realize that the transfer was an adverse employment
decision until she received her first paycheck in mid-December 2001. Thus, Davis
contends that the 180-day limitations period should have started running in mid-December 2001. We disagree.
          The United States Supreme Court has held that, in discrimination cases, “‘[t]he
proper focus is upon the time of the discriminatory acts, not upon the time at which
the consequences of the acts become most painful.’” Delaware State College v.
Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 504 (1980) (quoting Abramson v. University
of Hawaii, 594 F.2d 202, 209 (9th Cir.1979)). Accordingly, Texas law requires that
a complaint of unlawful employment practices be filed with the EEOC or the Texas
Commission on Human Rights within 180 days after the alleged unlawful
employment practice occurred. Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d
490, 492 (Tex. 1996); see Tex. Lab. Code Ann. § 21.202 (Vernon 2006) (entitled
“Statute of Limitations”). The fact that the employee may have felt the effects of the
discriminatory treatment later or that the damage may continue to occur for an
extended period of time after the discriminatory treatment does not extend the
commencement of limitations. Specialty Retailers, 933 S.W.2d at 493. This time
limit is mandatory and jurisdictional. Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d
483, 486 (Tex. 1991). Failure to timely file an administrative complaint deprives
Texas trial courts of subject-matter jurisdiction. Czerwinski v. Univ. of Tex. Health
Science Ctr., 116 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied); Vincent v. West Tex. State Univ., 895 S.W.2d 469, 473 (Tex. App.—Amarillo
1995, no writ).
          In her charge of discrimination, Davis admitted that she recognized an adverse
condition on April 1, 2001. Specifically, in her Charge of Discrimination filed with
the TCHR, Davis stated that she learned that the company had taken action against
her “almost immediately 4-1-01.” On the same form, she wrote that she had been
discriminated against by being “given finance deals that were less lucrative, given
secretarial duties the other guy did not have to do.” She answered that George
Duncan caused the harm. In her deposition, Davis stated that, on November 9, 2001,
“I received a write-up and was told I can go to the internet department or be
terminated. I was told to take a couple days to think about it. I did, maybe two days
or so, and came back to work.” When she received the write-up, she told Duncan and
Gardner that she “didn’t think it was fair because of the rotating of the deals.” Davis
believed at that time that Duncan was discriminating against her by rotating the deals
unfairly. In her amended petition, Davis alleged that, after she began working at
Mike Hall Chevrolet, 
Duncan began to harass Davis and create a hostile work environment. 
Duncan would purposefully mispronounce Davis’ name in front of co-workers, constantly scheduled her to work the late shift, knowing that
she was married with a young child, made her clean the office area, and
change the fax machine. Duncan also would not rotate deals fairly so as
to give Davis an equal opportunity to sell the after-market products. 

          Here, the basis of Davis’s discrimination complaints are Duncan’s acts of
making her perform secretarial acts, giving her less lucrative finance deals, and
working the late shift. On November 9, 2001, she was reprimanded for not meeting
performance standards, to which she replied that she did not think the reprimand was
fair because of the unfair finance deals. At this meeting, she was told that she could
transfer to the Internet department or be terminated.
          In Specialty Retailers, the Texas Supreme Court considered when an unlawful
employment practice had occurred for purposes of the 180-day jurisdictional
requirement. 933 S.W.2d at 491–94. The court noted that the plaintiff had alleged
that her supervisor discriminated against her by favoring younger workers while
continually criticizing the plaintiff and requiring her to work after hours, creating a
hostile work environment and causing stress and strain. Id. at 491. The court held
that an unlawful employment practice occurred on the date that the plaintiff was
informed that she was being replaced and would be fired if her leave lasted longer
than one year. Id. At that point in time, the terms and conditions of her employment
were affected. 
          Here, Davis was told on November 9, 2001 that she could either transfer to a
different department or be terminated. She responded that this action was not fair
because Duncan was not rotating deals fairly. We conclude that the allegedly
discriminatory employment decision of which Davis complains occurred no later than
November 9, 2001. Thus, to preserve her claims, Davis had to file suit within 180
days of November 9, 2001. Because Davis filed her complaint more than 180 days
after the adverse employment action, she failed to satisfy the requirements of section
21.202. See Tex. Lab. Code Ann. § 21.202. We conclude that appellees showed as
a matter of law that Davis’s claims were not filed within 180 days of when Davis first
learned about the discriminatory acts. Accordingly, the trial court lacked jurisdiction
over her claims of discrimination.
          Continuing Violation
          Davis next asserts that there is “sufficient evidence that appellee’s actions,
including . . . discriminatory rotation of deals, scheduling of work shifts and making
Davis clean the office area, constituted a hostile work environment so as to invoke
the continuing violation theory.”
          The “continuing violation” doctrine applies when an unlawful employment
practice manifests itself over time, rather than as a series of discrete acts. Wal-Mart
Stores v. Davis, 979 S.W.2d 30, 31 (Tex. App.—Austin 1998, pet. denied). Under
the continuing violation theory, a plaintiff must show an organized scheme leading
to and including a present violation, so that it is the cumulative effect of the
discriminatory practice, rather than any discrete occurrence, that gives rise to the
cause of action. Cooper-Day v. RME Petroleum Co., 121 S.W.3d 78, 87 (Tex.
App.—Fort Worth 2003, pet. denied); see also Huckabay v. Moore, 142 F.3d 233,
239 (5th Cir. 1998). In Davis, the Austin Court of Appeals held that in some
instances “equitable considerations may require that the filing period not begin until
acts supportive of a civil rights action are, or should be, apparent to a reasonably
prudent person in the same or a similar position.” Id. The “focus is on what event
should, in fairness and logic, have alerted the average layperson to act to protect his
or her rights.” Id.; see also Huckabay, 142 F.3d at 239 (holding that touchstone in
determining whether one act is part of continuing violation is whether employee was
put on notice that his rights had been violated). 
          Appellees respond that all of Davis’s complaints began on April 1, 2001 and
were over and complete when Davis was transferred to the Internet department on
November 9, 2001. We agree. Davis made no allegations of discrimination after she
had been transferred. Accordingly, Davis cannot rely on the continuing violation
theory to save her untimely complaints. 
          Equitable Considerations
          Davis next argues that the “180-day time limitation should be tolled based on
equitable considerations because employees of Autonation led her to believe she may
be eligible for a finance position at another Autonation dealership.”



          When the employer hides vital information from the employee that prevents the
employee from knowing of discrimination, equitable estoppel is recognized to toll the
180-day filing period. Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 880 (5th
Cir. 1991). As appellees point out, Davis presented no evidence that appellees hid
information that would have prevented Davis from knowing of the discrimination. 
Indeed, as Davis noted in her deposition, she knew from the very beginning that
appellees were discriminating against her. Accordingly, we hold that under the facts
of this case, Davis cannot rely on equitable estoppel to toll the 180-day statute of
limitations.
          Conclusion
          Because we conclude that Davis did not file her complaint within the 180-day
jurisdictional statute of limitations, we affirm the order of the trial court that
dismissed Davis’s discrimination claims against appellees.
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.