

**NUMBER 13-11-00563-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**McALLEN INDEPENDENT SCHOOL DISTRICT,**                    **Appellant,**

**v.**

**ROSA ESPINOSA,**                                          **Appellee.**

---

**On appeal from the 389th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant McAllen Independent School District (MISD) challenges the trial court's

denial of its plea to the jurisdiction in this employment discrimination case filed by

appellee Rosa Espinosa.  By one issue, MISD argues that the trial court erred in not

dismissing Espinosa's sex discrimination and retaliation claims because she failed to file

a formal administrative charge within 180 days of the allegedly discriminatory conduct, as required by the Texas Commission on Human Rights Act (CHRA).[1]  *See* TEX. LAB. CODE ANN. § 21.202 (West 2006).  We reverse and render judgment dismissing Espinosa's claims for lack of jurisdiction.

## I.  Background

Espinosa was employed by MISD as a counselor until her termination in 2009. Espinosa alleges that, during her employment, she was subjected to sexual harassment at a May 2002 staff meeting.  In connection with that harassment, Espinosa filed a charge of discrimination with the Texas Commission on Human Rights (TCHR) and Equal Employment Opportunity Commission (EEOC) on February 23, 2003.  In her charge, Espinosa stated that she had been subjected to sex discrimination and retaliation.  She alleged the following facts in her charge, in particular:

> I have been subjected to continuous sexual, sexist, and racial remarks from my co-workers.[2]  My previous supervisor the Coordinator of the Student Assistance program was aware of some of these offensive sexual remarks. She made no attempt to stop this behavior even though it was her responsibility to stop this type of behavior.
>
> I hand delivered a letter to my newly assigned supervisor the Coordinator of

---

[1] By an additional issue, MISD also argues that the trial court erred in denying its plea to the jurisdiction as to Espinosa's common-law negligent hiring, supervision, and training and intentional infliction of emotional distress claims.  Those claims were dismissed when the trial court granted an earlier summary judgment filed by MISD.  However, Espinosa continued to allege those claims in her amended petition filed after the granting of the summary judgment.  As a result, MISD's plea to the jurisdiction again asked for dismissal of the common-law claims.  The trial court's order on MISD's plea included a denial of the plea as to the common-law claims, despite the court's earlier dismissal of those same claims.  This inconsistency became apparent to the Court early in this appeal, and we remanded the case to the trial court to address this issue in the record.  On remand, the trial court dissolved the portion of its order related to the common-law claims, effectively reinstating its earlier dismissal of the common-law claims.  MISD argues that the dissolution of this portion of the order moots its additional issue.  We agree, and, as a result, need not address any issue related to Espinosa's common-law claims.  *See* TEX. R. APP. P. 47.1.

[2] Espinosa made no allegations of racial discrimination in either her charge or her petition.

2

Counseling and Guidance on June 3, 2002. This was concerning offensive sexual comments made by my coworkers on May 30, 2002. I informed her that I considered this a formal sexual harassment complaint. I believe my complaint was not acted upon and investigated to my satisfaction.

I have been subjected to retaliation because of my stance against the offensive sexual comments.

I believe I have been discriminated against because of my sex, female[,] in that I have been subjected to sexual harassment . . . .

Espinosa checked the box on her charge form indicating that the discrimination was a "continuing action." The TCHR and EEOC declined to pursue an investigation of Espinosa's charge, instead sending her a "right-to-sue" letter that allowed her to file a private cause of action based on her charge.

In November 2003, Espinosa filed a petition alleging claims against MISD for sexual harassment, intentional infliction of emotional distress, and negligent hiring, supervision, training, and retention. The intentional infliction of emotional distress and negligent hiring claims were dismissed by the trial court pursuant to a motion for summary judgment filed by MISD. In amended petitions filed over the next several years, the most recent being filed in February 2010, Espinosa continued to urge her sexual harassment claim and added a claim of retaliation.

In her live petition, Espinosa alleges that she was sexually harassed at a May 2002 staff meeting at which another district employee made offensive sexual comments to her and other comments that "were sex related that spoke of wom[e]n in an offensive way." Espinosa alleges that she filed a sexual harassment complaint with her supervisor on June 11, 2002, but that her supervisor did not fully investigate the complaint or

3

communicate with her about the outcome of the investigation. Espinosa then alleges that MISD retaliated against her for complaining of the harassment. Specifically, Espinosa alleges that on October 10, 2002, before she filed her charge of discrimination, "the personal [sic] director made an unscheduled visit [to her office] and intimidated her by stating that the director already knew who was present at what meeting and that he would vigorously represent the alleged accusers." Espinosa also alleges that MISD retaliated against her after she filed her charge of discrimination by: not allowing her to apply for a promotion; not allowing her to attend a drug education training; taking certain responsibilities away from her; giving her negative evaluations; the filing of administrative complaints against her by a co-worker; and, ultimately, terminating her employment in 2009. Finally, Espinosa alleges a series of what she considers to be retaliatory acts that appear from the petition and evidence before the trial court to have begun before the May 2002 staff meeting but to have continued after the meeting, including: her co-workers being instructed to document all phone calls with her; and the failure of co-workers to socialize with her.

MISD filed a plea to the jurisdiction, arguing that Espinosa failed to exhaust her administrative remedies by filing her charge of discrimination within 180 days of the complained-of actions by MISD. *See id.* MISD attached as evidence to its plea: excerpts of Espinosa's deposition; Espinosa's February 23, 2003 charge of discrimination; various communications in June 2002 between Espinosa and her supervisor regarding the May 2002 meeting; a letter sent to Espinosa by a co-worker in October 2002 apologizing for comments made at the May 2002 meeting; and the

4

right-to-sue letter issued to Espinosa by the EEOC. Espinosa responded to the plea, arguing that the trial court had jurisdiction because Espinosa alleged "continuing violations" in her petition, some of which occurred in the 180-day period preceding her charge of discrimination.

The trial court held a hearing on MISD's plea to the jurisdiction and Espinosa's response, but no additional evidence was introduced at the hearing. The trial court then denied MISD's plea to the jurisdiction. This accelerated appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2011).

## II. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

In reviewing a plea to jurisdiction, we look to the allegations in the pleadings, construe them in the plaintiff's favor, and look to the pleader's intent. *See County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Morris*, 129 S.W.3d at 807.

5

We consider the facts alleged in the petition, and if the plea to the jurisdiction was determined solely on the pleadings, it is reviewed de novo. *Miranda*, 133 S.W.3d at 226. To the extent relevant to the existence of jurisdictional facts, we also consider any evidence submitted by the parties to the trial court. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. When a challenge to the existence of jurisdictional facts does not implicate the merits of the case and the facts are disputed, the trial court, rather than the jury, must make the necessary fact findings to resolve the jurisdictional issue. *Miranda*, 133 S.W.3d at 226. Where the trial court did not issue findings of fact, as was the case here, the reviewing court presumes that the trial court resolved all factual disputes in favor of its determination. *See Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). The reviewing court then determines whether the trial court's findings, including implied findings, are supported by legally sufficient evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

We will sustain a legal-sufficiency or no-evidence challenge if the record shows: (1) the complete absence of evidence of a vital fact; (2) that the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). When reviewing a no-evidence challenge, we view the evidence in the light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *Id.* at 807. The ultimate test for legal sufficiency is whether the

6

evidence would enable reasonable and fair-minded people to make the finding under review. *Id.* at 827.

### III. The CHRA

The CHRA prohibits sex discrimination and retaliation by employers. *See* TEX. LAB. CODE ANN. §§ 21.001, 21.051, 21.055 (West 2006). Because the CHRA is modeled after federal civil rights law, "we look to analogous federal precedent for guidance when interpreting the Texas Act." *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991), *overruled in part on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010) (overruling the footnote in *Schroeder* that suggested that the two-year statute of limitations in Texas Labor Code section 21.256 is "mandatory and jurisdictional").

Courts are only to consider CHRA claims after the plaintiff has exhausted her administrative remedies. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam); *Schroeder*, 813 S.W.2d at 485. To meet the exhaustion requirement, a plaintiff must file a charge of discrimination with the EEOC or the TCHR within 180 days of the alleged discriminatory employment action. *See* TEX. LAB. CODE ANN. § 21.202; *see also Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citations omitted). If the plaintiff fails to file with the EEOC or TCHR in that time period, the trial court lacks subject matter jurisdiction over its subsequent CHRA claim. *See Czerwinski*, 116 S.W.3d at 121-22 (citing *Schroeder*, 813 S.W.2d at 485-89). An exception to the 180-day filing deadline, reflected in the "Continuing Action" box on the EEOC charge form, is for unlawful

7

discrimination that manifests itself over time, rather than as a series of discrete acts; when such "continuing violation" discrimination occurs, the 180-day filing clock does not begin to run until one of the involved discriminatory events should, in fairness and logic, have alerted the average layperson to act to protect his or her rights. *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 808 (Tex. App.—Austin 2009, no pet.).

## IV. Discussion

By one issue on appeal, MISD argues that the trial court erred in denying its plea to the jurisdiction because Espinosa failed to file her charge of discrimination within 180 days of the alleged employment discrimination.

## A. Sexual Harassment/Sex Discrimination Claim

Looking first to her petition only, we note that Espinosa's sexual harassment claim is based on the comments made by a co-worker at a May 30, 2002 staff meeting. The available evidence demonstrates this same basis, as well: the charge of discrimination identifies the harassment as occurring at the May 30, 2002 staff meeting; in her deposition, Espinosa testified that the harassing conduct she alleged in her charge of discrimination occurred at the May 30, 2002 staff meeting and that no further harassing comments have been made since May 2002; and in the communications between Espinosa and her supervisor and co-workers, the alleged harassment was indicated to have occurred at the May 30, 2002 staff meeting. The remaining instances of conduct alleged by Espinosa, including the alleged intimidation by the personnel director in October 2002, are part of Espinosa's retaliation claim, not her sex discrimination claim. Moreover, the other conduct alleged by Espinosa cannot be construed as part of a

8

continuing sex discrimination violation.   The incident at the May 2002 staff meeting was a discrete event, and the remaining alleged conduct was, as discussed below, relevant to an alleged pattern of retaliation, not sex discrimination.

To have exhausted her administrative remedies and invoked the trial court's jurisdiction over her sex discrimination claim, then, Espinosa was required to file her charge of discrimination by the end of November 2002, i.e., within 180 days of the May 30, 2002 meeting at which the offensive comments were made.   *See Czerwinski*, 116 S.W.3d at 121-22.   Based on the foregoing, we conclude that the evidence conclusively showed that Espinosa's February 23, 2003 charge of discrimination was almost two months late, and the trial court acted on legally insufficient evidence in impliedly finding otherwise and in concluding that it had subject matter jurisdiction over Espinosa's sex discrimination claim.   *See City of Keller*, 168 S.W.3d at 810.   Espinosa's failure to file her charge within the deadline prescribed by the statute deprived the trial court of jurisdiction over her sex discrimination claim, and the trial court therefore erred in denying MISD's plea to the jurisdiction in this regard.   We sustain MISD's issue to the extent it complains of this portion of the trial court's denial.

## B.  Retaliation Claim

The following allegedly retaliatory conduct is shown by Espinosa's petition and the evidence before the trial court to have occurred before Espinosa filed her charge of discrimination:

- the failure of Espinosa's supervisor to act on her sexual harassment complaint in June 2002;

- the "intimidating" office visit by the personnel director in October 2002;

- the instructions to her co-workers to document all phone calls with her; and

- the failure of co-workers to socialize with her.

It appears from Espinosa's deposition testimony, in particular, that the final two incidents, involving what she characterizes as heightened scrutiny and ostracization, began before the May 2002 staff meeting and continued throughout the remainder of her employment with MISD. In her petition, Espinosa also indicates that the ostracizing conduct was occurring, specifically, "[o]n or about June 11, 2002."

The remaining allegations of retaliatory conduct shown by the petition and evidence occurred after Espinosa filed her charge of discrimination, including:

- not allowing Espinosa to apply for a promotion;

- not allowing her to attend a drug education training;

- taking certain responsibilities away from her;

- giving Espinosa what she considered to be a negative performance evaluation;

- filing of administrative complaints against her by a co-worker; and

- ultimately, terminating her employment in 2009.

Espinosa contends that she has alleged a continuing retaliation violation that falls within the exception to the 180-day deadline in the labor code. The continuing violation doctrine relieves a plaintiff from proving that all of her employer's alleged acts of discrimination occurred within the actionable period if she can show "a series of related acts, one or more of which falls within the limitations period." *Messer v. Meno*, 130 F.3d 130, 134-35 (5th Cir. 1997); *see also Lamar Univ. v. Jordan*, No. 09-10-00292-CV, 2011 WL 550089, at *4 (Tex. App.—Beaumont Feb. 17, 2011, no pet.) (mem. op.). However,

the filing period begins to run when "facts supportive" of a discrimination action "are or should be apparent to a reasonably prudent person similarly situated." *Glass v. Petro–Tex Chem. Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985)). With regard to a CHRA claim, in particular, the 180-day filing clock begins to run when one of the discriminatory events should, in fairness and logic, have alerted the average layperson to act to protect his or her rights. *See Poindexter*, 306 S.W.3d at 808.

Here, Espinosa filed her charge of discrimination on February 23, 2003; the 180-day period preceding her charge therefore began on August 27, 2002. One of the alleged events—the October 2002 surprise visit by the personnel director that allegedly intimidated Espinosa—fell within that 180-day period. But even assuming that the October 2002 event was an act of retaliation, Espinosa's petition and her deposition testimony make it clear that she was aware of and knew facts as early as June 2002 that were supportive of a charge of retaliation. Espinosa alleged in her petition and testified in her deposition that, in June 2002, she was unsatisfied with her supervisor's investigation of the harassing comments made at the May 2002 staff meeting. Espinosa's petition and her testimony also indicate that she felt ostracized by her co-workers immediately after the May 2002 meeting; she alleged that this ostracization and humiliation was, in part, caused by her supervisor instructing her co-workers to document all communications with Espinosa. These June 2002 events should have alerted Espinosa to act to protect her rights; in other words, by June 2002, facts supportive of a retaliation claim against MISD should have been apparent to Espinosa. *See id.*; *see also Glass*, 757 F.2d at 1560-61.

11

Having reviewed Espinosa's petition and the relevant evidence before the trial court, we conclude that, in denying MISD's plea to the jurisdiction as to Espinosa's retaliation claim, the trial court disregarded evidence that no reasonable fact finder could have. *See City of Keller*, 168 S.W.3d at 807. Specifically, the trial court was not free to disregard the conclusive evidence showing that Espinosa should have been alerted to protect her rights in June of 2002. *See id.* at 810. Thus, her February 23, 2003 charge of discrimination was untimely and deprived the trial court of subject matter jurisdiction. *See* TEX. LAB. CODE ANN. § 21.202; *Czerwinski*, 116 S.W.3d at 121-22. The trial court erred in denying MISD's plea to the jurisdiction as to Espinosa's retaliation claim, and MISD's appellate issue is sustained in this regard.

## V. Conclusion

We reverse the trial court's denial of MISD's plea to the jurisdiction and render judgment dismissing Espinosa's claims for lack of jurisdiction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
15th day of June, 2012.

12