

# NUMBER 13-22-00014-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HARLINGEN CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT,                                                    Appellant,

v.

DIANA LISA MONTEMAYOR,                                              Appellee.

On appeal from the County Court at Law No. 3
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

By six issues, appellant Harlingen Consolidated Independent School District (the

District) challenges the trial court's denial of its plea to the jurisdiction in this employment

discrimination case filed by appellee Diana Lisa Montemayor. We reverse the trial court's

order and render judgment dismissing Montemayor's lawsuit.

## I. BACKGROUND[1]

On August 31, 2015, the District hired Montemayor to work as a paraprofessional. Montemayor was initially assigned to Austin Elementary School, but she was transferred to Lee Means Elementary Fine Arts Academy in October 2017. Montemayor was reassigned to different classrooms within Lee Means Elementary five times in the two years she worked there. The District contends that was the result of Montemayor "undermining and criticizing the teachers she was assigned to support." Montemayor contends it was the result of, among other things, reporting teacher misbehavior to the administration.

In her final role at Lee Means Elementary, Montemayor was assigned to a classroom designated for Preschool Programs for Children with Disabilities (PPCD). On October 24, 2019, Lee Means Elementary received a call from a concerned mother regarding her son, one of the students in Montemayor's PPCD class, who allegedly arrived home with red marks on his arm. The school initiated an investigation into the mother's claim and alleged that video surveillance showed Montemayor dragging students by their arms and utilizing improper restraints on them in the school's gymnasium. On October 28, 2019, the District placed Montemayor on administrative leave pending the outcome of its investigation.

On December 18, 2019, following the investigation, Montemayor received notice that the District terminated her employment effective December 17, 2019. On December

_____

[1] Montemayor did not file a brief to assist us with the resolution of this appeal.

20, 2019, Montemayor purportedly received a letter from the District informing her that her termination and its investigative report were conveyed to the State Board for Educator Certification (SBEC), which "could result in sanctions against [Montemayor]'s certificate."[2]

On June 19, 2020, Montemayor filed a formal charge of discrimination with the Texas Workforce Commission—Civil Rights Division (TWC). The discrimination charge form required Montemayor to check the boxes next to all bases of discrimination she was alleging. Montemayor checked the boxes next to age, disability, retaliation, and other.[3] The form also prompted Montemayor to fill in the earliest and latest dates of discrimination. Montemayor filled in "October 15, 2017," for the earliest date and "December 20, 2019," for the latest, and she did not check the box indicating the discrimination was a "continuing action." In a field requesting the narrative of "[p]articulars," Montemayor provided a lengthy history of her reassignments within the District and details regarding, among other things: an injury she suffered when a child ran into her leg, requiring her to take leave; a grievance she filed against a teacher at Lee Means Elementary; her daily "struggle[]" with "students' aggressive and violent behaviors," including being "hit, scratched, grabbed[,] and punched" by certain students; her complaints to the school about the need for more paraprofessionals to help manage those unruly students; inappropriate comments made to her by the school principal; payroll discrepancies and docked pay; and her suspension and termination from her job.

On March 31, 2021, Montemayor received a "Notice of Dismissal and Right to File

---

[2] The December 20, 2019 letter does not appear in the record.

[3] Montemayor never specifies what "other" refers to.

Civil Action" letter from TWC. On May 28, 2021, Montemayor filed suit alleging causes of action for age discrimination, disability discrimination, and retaliation. In June 2021, the District filed its original answer, generally denying Montemayor's claims and asserting affirmative defenses. In October 2021, the District filed its plea to the jurisdiction, arguing, among other things, that the trial court lacked jurisdiction because Montemayor failed to exhaust her administrative remedies by timely filing her charge with TWC. On December 16, 2021, the trial court issued an order denying the District's plea to the jurisdiction. This interlocutory appeal by the District followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (providing for interlocutory appeal from a trial court's order on a plea to the jurisdiction).

## II. DISCUSSION

By its first issue, the District argues that "Montemayor failed to timely file her complaint with the TWC, rendering her suit jurisdictionally barred."

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without considering whether the claims asserted have merit. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). The plea challenges the trial court's subject-matter jurisdiction. *Id.* Whether a trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*,

4

133 S.W.3d 217, 226 (Tex. 2004)).

If the plea to the jurisdiction challenges the pleadings, we liberally construe the pleadings to determine if the plaintiff has "alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. If the plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties to determine if a fact issue exists." *Suarez v. City of Texas City*, 465 S.W.3d 623, 632–33 (Tex. 2015). "We take as true all evidence favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts in the nonmovant's favor." *Id.* at 633. "If the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder." *Id.* "If the evidence fails to raise a question of fact, however, the plea to the jurisdiction must be granted as a matter of law." *Id.*

## B.    Applicable Law

The Texas Commission on Human Rights Act (TCHRA) prohibits, among other things, age and disability discrimination and retaliation by employers. *See* TEX. LAB. CODE ANN. §§ 21.001, 21.051, 21.055. In particular, § 21.051 of the labor code states, "An employer commits an unlawful employment practice if because of . . . disability . . . or age the employer . . . discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." *Id.* § 21.051(1). Section 21.055 provides that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who, "(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a

5

complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Id.* § 21.055. An "employer" includes "a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed." *Id.* § 21.002(8)(D).

"Governmental units, including school districts, are immune from suit unless the [S]tate consents." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *see City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). "The TCHRA waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute." *Clark*, 544 S.W.3d at 770. The waiver of immunity applies only after the plaintiff has exhausted his or her administrative remedies. *City of Waco v. Lopez*, 259 S.W.3d 147, 154–55 (Tex. 2008); *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004). To meet the exhaustion requirement, a plaintiff must file a charge of discrimination with the federal Equal Employment Opportunity Commission (EEOC) or TWC within 180 days of the alleged discriminatory employment action. *See* TEX. LAB. CODE ANN. §§ 21.201(a), (g), 21.202(a); *Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

The Texas Legislature has mandated that all statutory prerequisites to suit are jurisdictional requirements in suits against governmental entities. TEX. GOV'T CODE ANN. § 311.034; *see City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020) (per curiam); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510–11 (Tex. 2012). Accordingly, filing a timely charge with TWC is a jurisdictional prerequisite to filing suit for unlawful employment practices against a school district. *Sims*, 620 S.W.3d at 379;

6

*Chatha*, 381 S.W.3d at 511–14; *see also Monte Alto Indep. Sch. Dist. v. Orozco*, No. 13-21-00136-CV, 2021 WL 5114040, at *6 (Tex. App.—Corpus Christi–Edinburg Nov. 4, 2021, no pet.) (mem. op.) (reversing the trial court's order denying school district's plea to the jurisdiction and rendering judgment dismissing the lawsuit because appellant failed to timely file a charge with TWC within 180 days of the final alleged discriminatory act).

## C. Analysis

The District argues that the final alleged discriminatory act in this case was its termination of Montemayor on December 17, 2019, making June 15, 2020, the 180-day deadline by which Montemayor was required to file a complaint.[4] Montemayor argues that the final discriminatory act occurred on December 20, 2019, when she received notice that the District would report its investigative findings and her purported infractions to the SBEC, making June 17, 2020, the relevant 180-day filing deadline. However, we need not analyze which is the relevant discriminatory act because, as the District correctly highlights, Montemayor's charge was untimely filed under either theory, as she filed it with TWC on June 19, 2020—182 days after the final discriminatory act she alleges in her TWC charge. "[A] claimant can bring suit under the TCHRA against a governmental entity only after a claimant strictly satisfies the procedural requirements outlined in the TCHRA." *Chatha*, 381 S.W.3d at 513–14. Because the 180-day filing deadline is one such procedural requirement, and because Montemayor failed to timely file her charge with TWC within 180 days, Montemayor's suit against the District is jurisdictionally barred. *See id.*; *see also Orozco*, 2021 WL 5114040, at *6. Accordingly, we sustain the District's first

---

[4] The 180th day was June 14, 2020, a Sunday. Thus, under the rules of civil procedure, June 15 became the filing deadline. *See* TEX. R. CIV. P. 4.

7

issue.

Because our resolution of the District's first issue is dispositive, we need not address its five remaining issues. *See* TEX. R. APP. P. 47.1.

### III.    CONCLUSION

We reverse the trial court's denial of the District's plea to the jurisdiction and render judgment dismissing the suit.

LETICIA HINOJOSA
Justice

Delivered and filed on the
25th day of August, 2022.